No. 12,482.

MRS. MARGARET RUSSELL VS. JOHN H. LANG.

The law of 1874 decreeing the prescription of three years against actions to inval-
    idate tax titles held to be in force and applicable to facts of this case.

Purpose of this statute is to obviate necessity on part of purchasers at tax sales,
    after lapse of three years, of substantiating validity of the tax titles under
    which they hold

Where the purchaser has actual and open possession, this fact puts original owner under notice of necessity of bringing his action within the time fixed, in default of which the bar of the statute applies.

Defendant has the right to stand on his possession. Plaintiffs can not force him, in defence, to assume the attitude of plaintiff in a petitory action.

Instant case distinguished from Remick vs. Lang, 47 An. 922; Blood vs. Negrotto, 47 An. 1132; Johnson vs. Martinez, 48 An. 52; Hoyle vs. Athletic Club, 48 An. 879; Breaux vs. Negrotto, 48 An. 428.

The law relative to the assessment of property for taxation, its description, proper use of name of owner, how to be listed when held in indivision, etc., stated.

A PPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Wall & Watt* for Plaintiff and Intervenors, Appellees.

*J. Zach. Spearing* for Defendant, Appellant.

Argued and submitted June 14, 1897.
Opinion handed down January 24, 1898.

The opinion of the Court was delivered by

BLANCHARD, J. The plaintiffs and certain parties who appear as intervenors claim the ownership and possession of certain real estate in the parish of Orleans.

The title under which this claim is made is set up, and it is averred that the defendant is wrongfully in possession of the property, without valid title to support the ownership which he asserts.

Defendant answers that he is in possession as owner under good and valid title. He sets forth this title, and from it we gather that the property was sold at tax sale in 1885 under the provisions of Act No. 82 of 1884, for State taxes due thereon for the years from 1871 to 1878, both inclusive, and was bought by Orloff Lake, who, subsequently, sold to Lallance, and he, in 1891, to defendant.

On his behalf it is further averred that the property had been adjudicated to the State in 1885 for the unpaid State taxes due thereon for the years from 1880 to 1883, inclusive, and that defendant, having redeemed the same by paying the amount due the State, had become subrogated to the rights acquired by the State under the adjudication aforesaid.

Russell vs. Lang.

From a judgment sustaining the demands of the plaintiff and inter-venors and decreeing them owners of the property in controversy, defendant prosecutes this appeal.

In this court he files the plea of prescription of three and five years, and especially does he insist that this action is barred by the prescription of three years. This latter prescription is bottomed upon Sec. 5 of Act No. 105 of 1874, which is as follows:     *     *     *
"Any action to invalidate the titles to any property purchased at tax sale under or by virtue of any law of this State, shall be pre-scribed by a lapse of three years from the date of such sale."

It is shown that the tax sale in question was made in 1885, whereas the present suit was not filed until 1894.

The law of 1874, quoted above, is still in force. It has survived the adoption of the Constitution of 1879 and all tax enactments of the General Assembly since then. Barrow vs. Wilson, 39 An. 403; McDougall vs. Monlezun, 39 An. 1010; Smith vs. City, 43 An. 733; Michel vs. Stream, 48 An. 341.

It is distinctly a statute decreeing the prescription of an action. It does not purport to cure defects, nor does it concern itself with the rights of parties. Its simple declaration is that whatever rights parties may have they must assert them within three years, or for-ever thereafter "hold their peace." It creates a positive bar against "any action to invalidate" a tax title after the lapse of three years. Barrow vs. Wilson, 39 An. 406.

It is a statute of repose, sanctioned alike by reason, sound policy and authority. Blackwell, Tax Titles, p. 643; Cooley on Taxation, p. 376; McElmoyle vs. Cohen, 13 Peters, 312.

Defendant and the authors of his title hold under a deed from the State Tax Collector, which sets forth that the property was sold for the non-payment of taxes. They went into possession under this purchase of the identical property claimed by plaintiffs, and this possession has been adverse to plaintiffs for nearly nine years. This is a sufficient showing upon which to predicate the plea in bar of the action. Breaux vs. Negrotto, 43 An. 426; Barrow vs. Wilson, 39 An. 409.

In order to invoke the plea it is not required defendant should show that all the requisitions of the law had been complied with in order to make the tax deed a valid and indefeasible conveyance of the title. If such proof were essential before defendant could have

the benefit of the law, it would, in effect, be requiring him to show that he had no need of the protection of the statute before he could avail himself of its provisions.    Such a construction would deprive the statute of the effect it was clearly intended to have, viz.: obviating the necessity, on part of purchasers at tax sales, after the lapse of three years, of substantiating the validity of tax titles under which they hold.    Pillow vs. Roberts, 13 How. 472.

A similar statute in Wisconsin was held by the Supreme Court of that State to be of such binding force that if the tax purchaser's possession had been actual and open, and the suit to annul his title was not brought within the three years, the statute would protect him even if the tax deed was void on its face.    Lindsay vs. Fay, 25 Wis. 460.

The action under consideration is not one of jactitation or slander of title.    Plaintiff and intervenors are not in possession of the property; defendant is, and is so alleged to be in plaintiff's petition.

Defendant has the right to stand on his possession.    Plaintiffs can not force him, in defence, to assume the attitude of plaintiff in a petitory action.    Michel vs. Stream, 48 An. 348.

Plaintiffs found defendant in possession under a title deriving its source from a tax sale.    Their suit, under some disguise, is virtually an attack on his title and on the tax sale.    This is shown by the circumstance that they make the State of Louisiana a party through the Attorney General, who is asked to be cited in order that the State may assert title to the property, " if she have any."

The State could have no title or interest except that she had acquired it at tax adjudication and stood remotely in the character of warrantor to those to whom she had subsequently conveyed the property.

We think plaintiffs have thus directed their attack against defendant in such way as enables him to invoke the plea of prescription of three years against the action.    Michel vs. Stream, 48 An. 348.

This court observed truly, in a case already cited, that the statute awarding this prescription does not concern itself with the strength of one title or the weakness of the other.

Plaintiffs asserted a right.    This required an action at law to enforce it.

They were out of possession and must necessarily sue to acquire it. In order to acquire it they must show a better title than the

one defendant has. They knew that defendant was in possession as owner under a title having its origin in a tax sale. The deed evidencing this title accurately describes the property and is otherwise sufficient in terms to transfer its title. Plaintiffs' suit must be viewed as one intended to test the validity of this title. Defendant's title must prevail over that of plaintiffs unless the latter can get rid of it by showing that as a tax title it is void for inherent defects such as want of fulfilment of the requirements of law in the matter of the assessment of the property for taxation, or in the proceedings taken for its sale for non-payment of taxes.

When plaintiffs attempt to make this showing they run up against the barrier of the prescription of three years. They are told by the law that even if inherent defects in defendant's tax title exist, they have no right of action to inquire into the same after the lapse of three years from the date of the tax sale.

It is impossible to view plaintiffs' action in any other light than one to dispossess defendant by assaulting and overthrowing the tax title which is the basis of his possession.

The road over which plaintiffs must travel to deliver this assault is barricaded by the prescription invoked. The court can not do otherwise than enforce the limitation and deny the action.

It was held in Barrow vs. Wilson, *supra*, that where a purchaser at tax sale has actual and open possession of the property so purchased, this fact puts the original owner under notice of the necessity of bringing his action within three years, and if he fails to do so the bar of the statute applies.

The instant case is distinguishable from Remick vs. Lang, 47 An. 922. In that case the defendant was not in possession of the property under his tax title. Plaintiff being in possession, his action was one of jactitation or slander of title, and he sought also to enjoin the defendant from asserting title based on the tax deed, and to have the deed annulled.

The property had been adjudicated to the State for taxes prior to 1880, and in 1885 had been sold by the State to Lake, who in turn sold to Perkins and the latter to the defendant. But Lake and his vendees failed to pay the taxes that had accrued after 1879. Whereupon, in 1893, plaintiff (original owner) paid all taxes accruing since 1879 and took formal redemption and subrogation from the State for same, continuing on in possession of the property. Because of fail-

ure to pay the taxes assessed on the property subsequent to 1879, and which were due when the defendant purchased from the State and which he assumed to pay, it was held that no title whatever passed to the defendant—reaffirming the doctrine announced in State *ex rel.* Martinez vs. Tax Collector, 42 An. 677, and State *ex rel.* Powers vs. Recorder, 45 An. 56.

Under these circumstances the defendant, being neither in possession of the property, and no title from the State having passed to him, was not in a position to invoke the prescription of three years in bar of the action brought against him. Whereas, in the instant case, defendant *is* in possession of the property, and he, not plaintiff, has paid the taxes accruing on the property since 1879, receiving in his own name, before this suit was filed, the State's redemption, relinquishment and subrogation for and on account of said taxes.

Under these different circumstances, the present defendant is in position to invoke the prescription denied in the other case.

For the same reasons the case at bar is distinguishable from that of Blood vs. Negrotto, 47 An. 1132, another of the cases relied on by plaintiff's counsel.

So, too, the cases of Johnson vs. Martinez, 48 An. 52; Hoyle vs. Athletic Club, 48 An. 879; and Breaux vs. Negrotto, 43 An. 428, are to be differentiated from the present one.

In each of those cases defendant claimed under an adjudication to the State for taxes accrued *since* 1880, followed by a sale by the State to the author of defendant's title, and it was held that sales for taxes accruing since the Constitution of 1879 must be preceded by notice to the owner, or no title passes, and in the first named case it was said that neither the prescription of three or five years cured the want of this notice required by the organic law.

In the instant case defendant holds under an adjudication to the State for taxes which had accrued for the years 1871 to 1878, or *before* the Constitution of 1879, followed by a sale by the State to the author of his title. The "notice" prescribed by Art. 210 of the Constitution refers only to taxes accruing subsequent to 1879.

Defendant shows payment by Lake (one of the authors of his title) of the purchase price of the property at tax sale from the State. This extinguished all the taxes due prior to 1879. He shows payment of taxes due the State from 1880 to 1887 inclusive, and produces a redemption certificate from the State in his favor. As to the taxes

due the city of New Orleans from 1880 to 1885 inclusive, which were assumed as part of the purchase price, it appears that neither defendant nor the author of his title have paid the same. Because of this plaintiffs contend that no title has passed to defendant, and such was the doctrine announced in West vs. Negrotto, 48 An. 922, and other cases.

But it appears that immediately after Lake acquired the property from the State he sold to Lallance, and the latter then filed suit in the District Court against the city of New Orleans to be relieved of payment of city taxes. The city contested the action, but there was judgment decreeing, in effect, that the property in question owed no city taxes for the years from 1880 to 1885, inclusive. This judgment, rendered in 1886, seems not to have been appealed from, and however erroneous it may have been, it is now final and conclusive against the city and forms *res judicata* as to the city taxes, for the non-payment of which plaintiffs assert no title passed to Lake and his vendees. Reed vs. His Creditors, 39 An. 120, 125.

After this judgment, which was acquiesced in by the parties having an interest to contest the same, it was not to be expected that the State's vendees would pay the city taxes, especially since they were in possession of the property under the State's title and held the State's redemption certificate for the State taxes since 1879.

The property in this case was so described as to be susceptible of easy identification. 34 An. 255.

The description of urban property for assessment purposes may be made by reference to the plan of the city, town, or village where situated. Sec. 20, p. 139, Acts 1877; Sec. 7, p. 122, Acts 1882; Act 140 of Acts of 1890.

In the instant case the number of the square was given, by what streets bounded, and the numbers by which the lots were designated in the squares were stated. That sufficed for identification. 15 An. 15; 41 An. 765.

The property was assessed in the name of J. R. Russell for the years 1880 to 1885, inclusive, and described as one half of square No. 35, Greenville, Lots 11 to 20—Oliver, Wall, Lowerline and Pine streets. This description was not inadequate, and the assessment in the name of Russell was the assessment in the name of one of the owners in indivision. This assessment can not be held an absolute nullity. It was sufficient as to the interest of Russell in the property which

Russell vs. Lang.

was an undivided half, and if the taxes due by his interest were not paid, that interest (an undivided half) could be legally sold under an assessment which placed the whole property in the name of Russell. An assessment of the entire property, correctly described, in his name, while error as to the whole, was not error as to his half, on the principle that the greater includes the less.

It is true Russell died in August, 1881, and notwithstanding his death his name was continued in use in the assessment of the property. If it was illegal to so assess the property, or his interest in it, after his death, this objection falls as to the assessment for the years 1880 and 1881. He was alive when the assessment was made in those years, which are years for the non-payment of whose taxes the property was adjudicated to the State. It has been held that if the assessment of property and proceedings had leading up to a sale for taxes were sufficient and legal in any one of the years for whose taxes the property was sold, the tax title will be maintained.

The lots were evidently vacant and unoccupied and plaintiffs had no agent to represent them in New Orleans. They resided out of the State and there was no one in possession of the property holding under plaintiffs.

When Lake bought from the State he and his vendees took possession, no writ of possession being necessary for the purpose.

Besides, it appears that from 1871 to 1885, when the State sold to Lake—a period of fourteen or fifteen years—no taxes, city or State, were paid on the property by plaintiffs, or by those from whom they derive title. They did not return the property for assessment, nor to be listed for taxation, nor did they seek in any way to meet their tax obligations to the city and State.

Under these circumstances there would seem to be little or no equity in the demand of plaintiffs, and the observations of this court on a somewhat similar state of circumstances in Webre vs. Lutcher & Moore, 45 An. 579, apply with much force here.

We are referred to Hayes, Administrator, vs. Viator, 33 An. 1162, as holding that "lands held in indivision by several parties must be assessed as a whole in the name of all the joint owners."

This quotation is taken from plaintiff's brief. It is the *syllabus* of the case merely, and the *syllabus* is erroneous. A reading of the body of the opinion shows that no such proposition was sustained and it is not true in law.

There are two. ways of legally assessing real property held by two or more parties in indivision. One, and the better way, is to assess to each his undivided interest; the other, to assess the property as belonging jointly to the parties, giving the name of each individual owner, followed by the description of the property. Or, if a firm, or business company, corporation or association owns the property, it may be legally assessed in the name of such firm, company, corporation or association. And in placing the names of taxpayers on the assessment rolls, while it is better to give the Christian or baptismal names, it suffices to use the initials, followed by the family or surname—thus, "J. R. Russell."

This designation of the name of the owner, followed by a correct description of the property, fulfils the requirements of the law. Douglas vs. Dakin, 46 Cal. 51.

And if there be two joint owners, and the name of one only is used, followed by an accurate description of the property, this suffices to bind the interest of the one whose name is used, for his share of the taxes, but, of course, can not bind the other individual owner whose name is not used, nor his interest in the property. The cases of Thibodeaux vs. Kellar, 29 An. 509, and Hayes vs. Viator, 33 An. 1164, cited in opposition to this view, do not sustain the pretension.

Plaintiffs' contention that the adjudication to the State for taxes due subsequent to 1879, is void because not preceded by the notice required by Art. 210 of the Constitution can not be sustained. There is nothing in the record to rebut the presumption that this notice was properly given to Russell, at least for the taxes for the years he was alive, 1880 and 1881. The deeds to the State for the taxes of those years so state, and the Constitution, Art. 210, declares that all deeds of sale by collectors of taxes shall be received by courts in evidence as *prima facie* valid sales, and Sec. 3 of Act No. 82 of 1884 distinctly declares that duly certified copies of such deeds shall be full proof of the recitals thereof. See Saunders on Taxation, p. 313; Acts of 1880, p. 99, Secs. 34, 35, 36.

Defendant's deed, then, was proof of notice unless overthrown by stronger proof that no notice was given, which was not the case. There is no proof to contradict the recital of the proper giving of the notice. 43 An. 433, 434; 33 An. 438; 35 An. 893; Stroebel vs. Seeger, 49 An. 36. See Del Castillo, plaintiff in error, vs. McConnico *et al.*, decided by the Supreme Court of the United States at October term 1897.

Besides, the facts of this case bring it within the rule laid down in Webre vs. Lutcher & Moore, 45 An. 574, as to unknown owners, relative to whom notice by publication is sufficient, and the tax collector's deed to the State declares that the notice required in case of unknown ownres was given.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the demand of plaintiff and intervenors be rejected at their costs in both courts.

MR. JUSTICE BREAUX: I concur in the decree.

MR. JUSTICE MILLER: I concur in the decree.