For the delinquent taxes of the year 1921, the NW 1/4 of the NW 1/4, Section 11, Township 16 North, Range 9 East in Franklin Parish, Louisiana, assessed to its then owner, William Jackson, was advertised for sale. At the sale, obviously on account of competitive bidding, Henry Bernstein, now deceased, offered to pay the taxes of said year, plus interest and cost, for only seven acres of the land, and the description in the deed to him by the tax collector, as recorded, reads: "7 acres in SW corner of NW 1/4 of NW 1/4, Sec. 11, T. 16, R. 9". The description as first written in the tax deed read: "7 acres off the West side of the NW 1/4 of NW 1/4, Sec. 11, T. 16, R. 9", but through the words "off the West side" a line was drawn and above these *Page 122 
words, apparently in the same handwriting, was written "in SW corner".
On December 23, 1936, the widow and heirs of Henry Bernstein, deceased, sold and conveyed "7 acres in the Southwest corner of NW 1/4 of NW 1/4, Sec. 11, Tp. 16 N., R. 9 E.", in Franklin Parish, to T. J. Owen. The deed was not recorded until several years later.
This suit was instituted by the surviving widow and sole heir of the tax debtor, William Jackson, who died in August, 1939. T. J. Owen and the widow and sole heirs of Henry Bernstein, deceased, are impleaded as defendants. The tax deed is attacked on the ground that it does not describe or convey any definite seven acres of said forty acre tract; that because of vagueness and indefiniteness, identity of the seven acres sought to be adjudicated is not possible and, therefore, nothing was conveyed by the tax deed; and for this reason, as a muniment of title, it is absolutely null and void.
Defendants filed joint answer. They denied the allegations of the petition save those relating to the tax sale to Henry Bernstein and the sale by his widow and heirs to Owen. They pled the prescription of one, five, ten and thirty years, and averred that they had possessed said seven acres in good faith since the date of the tax sale. They further aver that all taxes assessed against the land since the date of the tax sale have been paid by them. They pray that plaintiffs' demand be rejected and for full and general relief. After filing of answer, Owen filed a plea of peremption of three years against the attack on the tax deed. Article X, Section 11 of the Constitution of 1921.
There was judgment for plaintiffs and against the widow and heirs of Henry Bernstein, deceased, decreeing the tax sale to be null and void, but as to Owen the suit was dismissed as of non-suit.
Plaintiffs appealed from the judgment only insofar as non-suit of their demand against Owen was ordered. Answering the appeal, the appellees assigned error in the judgment, insofar as it decrees null and void the tax sale, and they pray that it be amended by decreeing said sale to be legal and valid and Owen be recognized as the owner of "7 acres of land off of the West side of the NW 1/4 of the NW 1/4, Section 11, T. 16 N., R. 9 E."
In the alternative, should it be held that the tax sale is null and void, and conveyed title to no part of said land, in such event appellees pray that the judgment be amended by ordering the cancellation of the tax deed only upon the payment to defendants the amount of taxes, penalties, costs, etc. paid on said land by them, and Henry Bernstein, deceased, with interest thereon at ten per cent per annum, from the date of each payment.
Defendants do not seriously contend that the description "7 acres in the Southwest corner" of the forty acre tract is susceptible of identification. As neither the shape of the seven acres nor the dimensions thereof are given, one is left to conjecture as to what land was intended to be sold by the tax collector, and purchased by the bidder. It is hornbook that unless the description of the land in a tax deed is sufficiently clear and definite that location on the ground of the land intended to be adjudicated is possible, the sale is subject to annullment for that reason. It is without effect. A case in point is Brock et al. v. E. McIlhenny's Son,136 La. 903, 67 So, 951. In that case the description read: "50 acres of land in the northeast corner" of a large tract, the sub-divisions of which were all given. The court, as disclosed from paragraphs one and two of the syllabi, said:
"There is no statute or rule of law providing that such a description as 50 acres of land in the northeast corner of a designated larger body of land means necessarily a square tract containing 50 acres.
"Such a description of land as 50 acres in the northeast corner of a large area constituting two tracts several miles apart is no designation at all; and a tax deed containing such description is absolutely null."
To the same effect are: Stanley et al. v. Snell, 5 La. App. 635; Levy v. Gause et al., 112 La. 789, 790, 36 So. 684; Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A.L.R. 566; Yuges Realty, Ltd., v. Jefferson Parish *Page 123 
Developers, Inc., 205 La. 1033, 18 So.2d 607.
It was said, and logically so, in the Jackson and Brock cases, supra, and doubtless in others, that where a tax sale is null because the land described could not be identified, the Constitutional peremption has no application.
Of course, the description "7 acres off of the West side" of a forty acre tract is, in our opinion, a legal description and sufficiently definite to confer validity upon a tax deed carrying such description. But we are not authorized, from the record before us, to hold with the defendants in the contention that in determining the legal status of the tax deed to Bernstein the deleted part of the description should be given effect and that that part of the description "in the SW corner" be ignored.
The tax deed was of record some fourteen years before the sale by Bernstein's widow and heirs to Owen. No proceedings were instituted to correct the description. For this period of time the description of the land as disclosed in the tax deed, was annually assessed to Bernstein and taxes thereon paid. And, as further recognition of the tax deed as written and recorded, the widow and heirs of Bernstein sold to Owen the same description that appears in the tax deed after the change in the description was made. And, in addition, as said above, the handwriting of the deleted words and that in which the words "in SW corner" is written, clearly appear to be identical. The color of the ink in each instance is the same. Surely, in view of the related facts, including the long lapse of time the deed has been of record without its correctness in any respect being called into question, a strong presumption arises that the change in the description was made by some official having authority so to do in order to conform to the true facts as he understood them.
The record shows that William Jackson had deed to and was in possession of this forty acre tract for many years prior to the tax sale and thereafter until he died in 1939; and that Richard Jackson possessed and cultivated the same, in part by tenants, during the years 1940 and 1941.
Section 11, Article X of the Constitution of 1921, concerning tax sales, in part, reads as follows:
"No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser; * * * ".
The quoted language is free from ambiguity. It has been enforced as written in all cases wherein application of it was found to be proper. The following cases are in point: Gomez v. Wilde, 135 La. 204, 65 So. 109; Westwego Canal Terminal Company, Inc., v. Pitre et al., 195 La. 107, 196 So. 36; Westwego Canal Terminal Company, Inc., v. Pitre et al.,197 La. 374, 1 So.2d 550.
But, does the right conferred by the quoted part of the Constitution, that is, the right to demand reimbursement of taxes, etc., plus interest, as a condition precedent to cancellation of the null tax deed, extend to the vendee of the tax purchaser? We think not. The quoted provision seems to put this beyond doubt. It plainly says that the taxes, etc. "be previously paid to the purchaser", before the cancellation shall be authorized.
Although the widow and heirs of Henry Bernstein, deceased, in their answer did not ask for the relief to which they were entitled by the quoted provision of the Constitution, it is our opinion that specific demand for such relief was not necessary. In a proper case it becomes the court's duty to incorporate in its judgment a provision that preserves to the tax purchaser, his widow and heirs, the right to claim the benefits of the quoted provision and to require same to be made as therein expressed, as a prerequisite to the cancellation of the sale. This would be true even though proof of the several amounts of taxes paid on the land and the dates when paid be absent from the record. However, in the present case such proof was adduced on trial. *Page 124 
The record discloses that the seven acres were assessed to Henry Bernstein for the years 1923 to 1936, inclusive. The amount of taxes for each year and the dates when paid are also shown. In the absence of proof or suggestion to the contrary, it will be presumed that the tax purchaser and/or his widow and heirs paid these taxes. The years, the amount of taxes paid, and the dates of payment follow:
" Year Date Paid Amount
 (1) 1923 10-25-23 $5.92 1/2
 (2) 1924 4-20-25 7.87
 (3) 1925 12-18-25 6.76
 (4) 1926 12-6-26 6.54
 (5) 1927 12-31-27 6.32
 (6) 1928 1-19-29 6.22
 (7) 1929 12-31-29 9.20
 (8) 1930 5-5-31 9.36
 (9) 1931 1-14-32 9.36
 (10) 1932 12-19-32 8.13
 (11) 1933 12-30-33 8.52
 (12) 1934 1-7-35 9.82
 (13) 1935 12-18-36 9.95
 (14) 1936 2-16-37 9.69"

To these amounts should be added $46.25, being taxes, interest and costs paid by Bernstein when the tax deed was made to him. On this amount and on the amount of taxes paid for the named years, the widow and heirs are entitled to recover in addition to the principal amounts, ten per cent per annum from date of payments before cancellation of the tax deed may legally be made. The lower court did not expressly pass on this phase of the case.
We can perceive of no good reason, since the tax sale was null and void ab initio, as to Henry Bernstein, why it should not be null and void as to Owen as none of the pleas of prescription nor of peremption is well founded; nor has he had possession of any part of said forty acre tract for as much as ten years.
Our conclusions require that the judgment be amended in material respects. For the reasons herein assigned it is ordered, adjudged and decreed that plaintiffs, Anna McCall Jackson, widow, and Richard Jackson, sole heir of William Jackson, deceased, do have judgment herein against Mrs. Cherry Roberts Bernstein, surviving widow, and Henry Bernstein, Jr., and A. Milling Bernstein, sole heirs of Henry Bernstein, Sr. deceased, and T. J. Owen, all defendants herein, declaring null and void the tax sale to Henry Bernstein, deceased, on August 5, 1922, to seven acres of land in the Southwest corner of the NW 1/4 of the NW 1/4, Section 11, Township 16 North, Range 9 East, according to deed recorded in Conveyance Book No. 9, page 485, of the records of Franklin Parish, Louisiana. And, subject to compliance with the condition below stated, the Clerk and Recorder of Franklin Parish is hereby authorized to cancel and erase in full the registry of said tax deed.
It is further ordered, adjudged and decreed that this judgment shall be ineffective unless and until said plaintiffs pay to the widow and heirs of Henry Bernstein, deceased, the amount of taxes paid on said lands for the years 1923 to 1936, inclusive, with interest at the rate of ten per cent per annum from the date of such payments, all as shown hereinabove; and payment of the additional sum of $46.25, with ten per cent per annum interest thereon from August 5, 1922.
It is further ordered, adjudged and decreed that the defendants pay all costs of this suit.
 On Application for Rehearing