308 So.2d 502 (1975)
GRAM REALTY CO., INC.
v.
NORTHERN HOMES, INC.
No. 10101.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
Guy J. D'Antonio, New Orleans, and Philip E. Pfeffer, Covington, for appellant.
Claire Loeb, New Orleans, for Northern Homes, Inc.
Robert L. Bailey, III, Mandeville, for third party defendant-appellee, Wayne Wascom.
Before LOTTINGER, COVINGTON and BAILES, JJ.
LOTTINGER, Judge.
This is a suit to quiet and confirm a tax title based on the Constitutional peremption or prescription of five years. This matter was consolidated with a suit to annul the tax sale in question by defendant herein against plaintiff herein, being No. 10102 on the docket of this court. The Lower Court rendered judgment in favor of Northern Homes, Inc., hereinafter referred to as Northern, against Gram Realty Company, Inc., hereinafter referred to as Gram, dismissing the suit of Gram at its costs. From this judgment, Gram appealed.
On June 8, 1966, the Sheriff and Ex-Officio Tax Collector adjudicated to Gram certain property in St. Tammany Parish assessed to Northern described as follows:
"N 90 Acres of 93 Acs. Secs. 12 & 13-6-11, Subr. CB 258-522, Lot 10, Sq 9, Red Gap Acs. Sub., CB 333-538, Parcel *503 Land meas. 200 ft. by 435 ft. in Sec. 12-7-11, CB 317-651, Parcel Land Meas. 10 ft. by depth of 435 ft. in Sec. 12-7-11, CB 366-684."
On the 17th day of February, 1972, Gram filed a petition termed "Petition to Quiet and Confirm Tax Title Prescription of Five Years" against Northern. Northern answered averring that the property described and claimed by Gram in its petition was not the property adjudicated to it by the Sheriff and that the descriptions of the property in the assessment and the tax deed were too vague and indefinite as to be identifiable. On March 2, 1972, Northern filed a petition against Gram and the Sheriff and Ex-Officio Tax Collector, which petition was amended to include the Assessor for the Parish of St. Tammany, petitioning the Court to annul the tax sale made by the Sheriff on June 8, 1966, alleging that defendant, Gram, was attempting to confirm title under an erroneous tax sale of great portions of land not included therein. These two cases were consolidated in the Lower Court and are consolidated for the purpose of this appeal.
The first issue is whether the property described in the tax deed can be identified because if it cannot, Louisiana jurisprudence is that the tax sale was null and void. The second issue is whether a Constitutional peremptive period with regard to tax sales is applicable.
Guy D'Antonio, testified that he was a shareholder in Gram; that he attended the tax sale in Covington and did the bidding for Gram; that there was no competitive bidding and that he bid for the property as a whole. Mr. D'Antonio was unable to describe the property he believed Gram acquired at the tax sale in question and stated that, as attorney for Gram, he had hired an abstractor, Mrs. Hazel Warren D'Antonio, who had furnished him the description used in his petition.
Mrs. Hazel Warren D'Antonio was called as a witness for plaintiff, Gram, and testified that in working up the description for plaintiff's petition she had used plats of property designated as Red Gap Acres, Red Gap Acres Subdivision Addition No. 1, and a third plat of land lying between the two. She further testified that she had run the conveyance records in the name of Northern Homes, Inc. to determine its ownership of property at the time of the tax sale. The final result of her abstract was that Northern owned a multitude of lots and small tracts of land which were separated from each other by other owners and streets.
Mr. Robert Berlin, a licensed surveyor, whose qualifications were stipulated, was called to the stand by Northern. He testified that the hodgepodge of lots and small plots of land owned by Northern totaled about 172 acres and that he was unable to define what was meant by the north 90 acres of the land abstracted by Mrs. D'Antonio and studied by him to determine acreage, etc.
The Lower Court said in its Reasons for Judgment that it would not deliver a tax title to Gram for 171 acres (some of the acreage having been delited) when all it received in its tax sale was 90 acres, nor would it permit Gram to pick and choose 90 acres out of the larger acreage to satisfy its claim.
In response to Gram's plea of the five years prescription or peremption, it held that the tax sale was null because the land described in the tax deed could not be identified, and because the tax sale was null, the Constitutional peremption did not apply.
R.S. 47:2184 reads as follows:
"The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties and costs. If the property is not divisible in kind and a part of the whole or undivided interest is sufficient *504 to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it was owned by the delinquent taxpayer regardless of any error in the dimensions or description of the property as assessed and sold. The tax collector in the advertisement or deed of sale may give the full description according to the original titles."
In Brock et al. v. Mcllhenny's Son, 136 La. 903, 67 So. 951 (1915) the following described property was purchased at tax sale:
"50 acres of land in the northeast corner of the following property: 2165.56 acres of land, being lots 3 and 4 of section 25, east half of southeast quarter (E. ½ of S.E. ¼) section 35, lots 1 and 2 and west half of west half (W. ½ of W. ½) section 36, in T. 7 S., R. 3 E., west half of section 36, in T. 7 S., R. 3 E., west half of section 25, all of section 26, east half of section 27, east half of west half (E. ½ of W. ½) section 27; southwest quarter of northwest quarter (S.W. ¼ of N.W. ¼) and west half of southwest quarter (W. ½ of S.W. ¼) section 27, lots one, two, three and four, section 25, in T. 8 S., R. 3 E."
The plaintiffs located 50 acres of land described in the tax deed as a square containing 50 acres in the northeast corner of the northwest quarter of Section 25, Township 8 South, Range 3 East. In that case as in the instant case, the land out of which the 50 acres were sold at tax sale was in separate tracts some distance apart. The Supreme Court, in ruling against the tax purchaser in the Brock case said:
"We know of no law declaring that 50 acres of land in a specified corner of a larger tract necessarily means a square tract with side lines bearing due north and south and east and west, each measuring 22.36 chains.... Forty acres in the northeast corner of a regular section might be understood to mean the N.E. ¼ of the N.E. ¼, according to official survey, but 50 acres in the northeast corner of a regular section might as well mean a right angle triangle measuring 31.62 chains on its north and east boundary line as a square measuring 22.36 chains on each side.
"A court cannot perform the function of selecting the shape of a tract of land of a given area in order that it may pass by a deed of the stated number of acres in a certain locality.
"Such a description as 50 acres of land in the northeast corner of two larger tracts is no designation at all. The land supposed to be conveyed by such description cannot be identified.
"The asserted tax title is therefore absolutely null, and the prescription of three years invoked by plaintiffs cannot give it validity."
In the more recent case of Parquet v. Parquet, 141 So.2d 444, (La.App. 4th Cir. 1962), the court followed the Brock case saying:
"When the tax debtor owns several tracts of land in the parish the description in a tax title must sufficiently identify the particular tract sold or it is fatally defective."
We agree with the Lower Court that the tax sale in question was null and void because the description in the tax deed does not identify what property was sold.
The prescriptions of three and five years cannot cure a defect in a tax sale which is absolutely null and void. Being void, no peremptive or prescriptive period can breathe life into something that never existed. As was said by the Court in Jackson v. Bernstein, 39 So.2d 120 (La.App. 2nd Cir. 1948):
"It was said, and logically so, in the Jackson and Brock cases, supra, and *505 doubtless in others, that where a tax sale is null because the land described could not be identified, the Constitutional peremption has no application."
In summary, we agree with the Lower Court and find that the description contained in the tax sale is not sufficiently definite so as to be able to identify what property was sold; that such a sale is null and void from its inception; and that the Constitutional peremption with regard to tax sales has no application to such a sale.
For the above and foregoing reasons, the Judgment of the Lower Court is affirmed, all costs of this appeal are to be paid by plaintiff-appellant, Gram Realty Company, Inc.
Judgment affirmed.