346 So.2d 166 (1977)
Margaret GRIESHABER
v.
John R. CANNON.
No. 58966.
Supreme Court of Louisiana.
May 16, 1977.
*167 Miriam T. Attaya, Lawrence W. Bell, Attaya & Bell, Gonzales, for defendant-applicant.
Patrick W. Pendley, Freeman & Pendley, Ltd., Plaquemine, for plaintiff-respondent.
SANDERS, Chief Justice.
Plaintiff, holder of a conventional mortgage on a tract of land sold to satisfy taxes, brought this suit to cancel the tax sale. She appealed a district court judgment which sustained the defendants' peremptory exception of no right of action. The Court of Appeal reversed and cancelled the tax sale. 339 So.2d 445 (1976). On application of defendants, we granted writs to review the Court of Appeal judgment. La., 341 So.2d 413 (1977).
The pertinent facts surrounding the controversy are undisputed. Harvey J. Kling, on October 18, 1956, purchased an undivided one-half interest in the disputed property. Kling placed a mortgage on his interest in the property in the amount of $4,000.00, represented by a note in that amount, payable on demand to "Any Holder or Holders." Plaintiff is the holder of this note.
On May 26, 1966, the property was sold for non-payment of 1965 taxes to Richard Cannon, the defendants' ancestor in title. The tax deed was recorded on June 1, 1966.
The case presents two questions for resolution: (1) Does plaintiff have a right of action to annul the tax deed after the three year period provided for in LSA-R.S. 47:2183 has expired? and (2) Are the method of assessment and description of the property fatally defective so as to require that the tax deed be stricken as a nullity and cancelled from the public records?
A tax debtor has three years from the date of the recordation of the tax deed in which to redeem his property which has been sold for unpaid taxes. LSA-Const. Art. X, § 11 (1921). Additionally, a tax debtor has two more years in which he can attack the tax sale based on certain irregularities in the assessment and tax sale itself. After five years have elapsed from the date of recordation, the Louisiana Constitution of 1921, applicable here, terminated any claim against a tax deed for basic irregularities. LSA-Const. Art. X, § 11 (1921). The present action was filed after the expiration of the three year redemptive period but within five years from the date of recordation of the tax deed and the institution of this suit.
Plaintiff, as a conventional mortgagee, succeeded to whatever rights her mortgagor, Kling, may have had with respect to the tax deed at the time this litigation was instituted. Kling had a right to attack the regularity of the tax deed whereby his property was sold to the defendants' ancestor in title. LSA-Const. Art. X, § 11 (1921). Since the tax debtor has a right to challenge the validity of the tax deed which dispossessed him of his property, if the property is returned to the tax debtor, it should be burdened with the conventional mortgage that the tax debtor himself placed on the property. If this were not the case, a tax debtor could, after *168 the three-year redemptive period, bring a successful action to set aside a tax sale and regain his property free and clear of encumbrances. Obviously, this cannot be the intent of LSA-R.S. 47:2183. Federal Land Bank v. Hill, 170 La. 654, 129 So. 118 (1930).
The three year period for the automatic cancellation of conventional and judicial mortgages provided for in LSA-R.S. 47:2183 corresponds to the three-year redemptive period provided for in LSA-Const. Art. X, § 11 (1921). The statute cancels conventional mortgages as a convenient means to clear title to property sold for taxes and relieve a tax-vendee of such burdens. The strict wording of LSA-R.S. 47:2183 for the cancellation of conventional and judicial mortgages, after the lapse of three years from the date of recordation of the tax deed, must mean after the recordation of a valid and effective tax deed. So long as a tax debtor has any right to question the tax deed itself, the debtor's mortgagee should be accorded the same right. See Federal Land Bank v. Hill, supra.
Plaintiff alleges that the tax sale is a nullity because the assessment failed to sufficiently describe or identify the property. Furthermore, she alleges that the assessment erroneously assessed the property by assigning a specified number of acres to the tax debtor rather than an undivided onehalf interest.
LSA-R.S. 47:1958(D), dealing with assessment procedure, provides in pertinent part:
"It shall be sufficient to assess and describe all property according to a description that will reasonably identify the property assessed, such as: designating the tract or lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the regular assessment rolls, or upon an official or private plan or sketch; or by giving the boundaries or the name of the owners upon each side; or by the dimensions or description or name given in the act translating the ownership thereof; or by such other further description as may furnish the means of reasonable identification."
The tract of land in question has been described on numerous occasions as:
"A certain parcel of real estate in the Parish of Ascension, Louisiana, known and described as Lot One (1) or the Southwest ¼ of the Southwest ¼ of Section 33, Township 10 South, Range 3 East, of St. Helena Meridian, S.E.D., East of River in Louisiana, containing 27.06 acres, less one-half acre belonging to Floyd School, together with all buildings and improvements thereon." (Acquisition data omitted.)
Kling acquired an undivided one-half interest in the above described property. The property was described on the assessment rolls and in the tax deed as:
"13.53 Acres. Und. ½ Int. Lot 1 of SW ¼ of SW ¼, Sec. 33-10-3"
Plaintiff contends that Kling was assessed for and defendants' ancestor in title purchased not an undivided one-half interest in and to 27.06 acres but a tract of 13.53 acres. From this hypothesis, she further argues that, since Kling owned an undivided ½ interest, rather than specific acreage, a 13.53 acre tract could not be identified and sold by the description in the tax deed.
Relying upon Gottlieb v. Babin, 197 La. 802, 2 So.2d 218 (1941) and Hayes v. Viator, Sheriff, 33 La.Ann. 1162 (1881), the Court of Appeal held that the property was improperly assessed.
In the present case, the Court of Appeal misconstrued Hayes v. Viator, Sheriff, supra, as did we in Gottlieb v. Babin, supra. In Russell v. Lang, 50 La.Ann. 36, 23 So. 113 (1898), this Court specifically distinguished Hayes v. Viator, Sheriff, supra, holding that the better way of assessing tracts of land owned in indivision is to assess to each co-owner his undivided interest. The Court stated:
"We are referred to Hayes v. Viator, 33 La.Ann. 1162, as holding that `lands held in indivision by several parties must be assessed as a whole, in the name of all joint owners.' This quotation is taken *169 from plaintiffs' brief. It is the syllabus of the case, merely, and the syllabus is erroneous. A reading of the body of the opinion shows that no such proposition was sustained, and it is not true in law. There are two ways of legally assessing real property held by two or more parties in indivision. One and the better way is to assess to each his undivided interest; the other, to assess the property as belonging jointly to the parties, giving the name of each individual owner, followed by the description of the property. Or, if a firm or business company, corporation, or association owns the property, it may be legally assessed in the name of such firm, company, corporation, or association. And in placing the names of taxpayers on the assessment rolls, while it is better to give the Christian or baptismal names, it suffices to use the initials, followed by the family or surname, thus `J. R. Russell.' This designation of the name of the owner, followed by a correct description of the property, fulfills the requirements of law. Douglas v. Dakin, 46 Cal. 51, and if there be two joint owners, and the name of one only is used, followed by an accurate description of the property, this suffices to bind the interest of the one whose name is used, for his share of the taxes, but, of course, cannot bind the other individual owner whose name is not used, nor his interest in the property. The cases of Thibodaux v. Keller, 29 La.Ann. [507] 509, and Hayes v. Viator, 33 La. Ann. 1164, cited in opposition to this view, do not sustain the pretension."
In the present case, the assessor has chosen to follow the assessment method approved in Russell v. Lang, supra, by listing Kling's name in the assessment rolls and following it by a description of his interest. We find no merit to plaintiff's contention that by designating 13.53 acres in the assessment, the tax-purchaser bought 13.53 acres rather than a one-half undivided interest in 27.06 acres. On the assessment form in evidence, the 13.53 is entered in the column: "No. of Acres." In the column designated "Description of Property" is entered "Und. ½ Int. Lot 1 of SW ¼ of SW ¼, Sec. 33-10-3." Clearly, the 13.53 acre notation merely indicates the undivided acreage taxable to the named taxpayer as shown by the assessment description. The Tax Assessor has not, as contended by plaintiff, unlawfully partitioned the property.
Since the Tax Assessor has identified the property by the number or letter by which it is usually designated on the regular assessment rolls as required by LSA-R.S. 47:1958(D), we find that the property is reasonably identified as required by the statute. LSA-R.S. 47:1958(D), Ewald v. Hodges, 239 La. 883, 120 So.2d 465 (1960).
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside. The judgment of the Twenty-Third Judicial District Court is reinstated and made the judgment of this Court. Plaintiff is assessed with all costs.