392 So.2d 486 (1980)
Dorothy Lozano HUBBS et al.
v.
Carlo CANOVA et al.
No. 13548.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Writ Granted February 20, 1981.
Hamlet D. May, Baton Rouge, for plaintiff-appellant, Dorothy Lozano Hubbs, et al.
Patrick W. Pendley, Plaquemine, for defendant-appellee, Carl Canova, et al.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for a declaratory judgment to set aside a tax sale to defendants on the ground the sale was made improperly. Plaintiffs are the class of taxpayers whose interests in certain land was sold. Defendants filed exceptions of prescription and res judicata, both of which exceptions were sustained. We reverse, holding that both exceptions should have been overruled, and remand.
In 1856 and 1859 Charles Lozano, who was married to and living with Marguerite Breaux Lozano, acquired ownership of the *487 north one-half of Section 52 and the northwest quarter of Section 43, T 8 S, R 11 E, in Iberville Parish, Louisiana, which made one contiguous tract. During his life, he sold three parcels from this tract. Charles Lozano had been previously married, as had Marguerite Breaux. Children were born of Charles Lozano's marriage to Marguerite Breaux Lozano, as well as of their previous marriages. Marguerite Breaux Lozano died in 1862, predeceasing her husband, and her community interest in the property in question descended to her children. No succession proceeding was ever opened for her. After Charles Lozano died, his interest in the tract in question was bought by his son, Louis Lozano, by instrument dated July 6, 1878, and duly recorded. Louis Lozano was the son of Charles Lozano's second marriage. After Louis Lozano died, his 390/672 interest in the tract in question (that interest representing the interest he had acquired from his father and small interests he had inherited from his mother and deceased siblings who had died without issue) was sold to A. Wilbert Sons Lumber and Shingle Co. by estate sale dated March 16, 1905, and duly recorded. A tract of 30 acres in the northwest quarter of Section 52 was excepted from the sale to Wilbert Sons, and sold to Joseph A. Grace at the same estate sale. In 1957, the Aluminum Co. of America obtained mineral leases from the descendants of Marguerite Breaux Lozano, and, also, a lease from Wilbert Sons.
In 1958, the descendants of Marguerite Breaux Lozano, and Wilbert Sons, signed a document styled "Stipulation of Interests" showing the fractional interests owned by each party in the tract in question, which formed the basis of division orders used by Alcoa for distribution of royalties, which instrument was filed of record in Iberville Parish.
In 1968, the Assessor of Iberville Parish entered an assessment on the tax rolls under the following name and description:
"Heyeau, Lester F., et al 128¾ Part NW/4 Section 43;
2663 E. Lee Blvd. Part NE/4 Section 52;
New Orleans, LA Part NW/4 Section 52;
 East of Bayou Gross
 Tete T. 8 S. R. 11 E.
 Cut Over Lands 128¾ Ac. 200"
The proper spelling of the name was not "Heyeau", but "Hezeau". Lester F. Hezeau was indeed one of the co-owners of the Lozano interest.
No Lozano heir received any notice or information about the assessment or the tax debt, not even Lester F. Hezeau in whose name the property was assessed.
By instrument dated June 25, 1969, under Sheriff's sale of that date, and recorded on July 14, 1969, the following described property, which had been advertised in the name of Lester F. Heyeau, et al, was sold to Carlo Canova and Patrick Pendley, present defendants, for a price of $19.67:
"Ward 7Assessment 6392 A
Part NW/4 Section 43; Part NE/4 Section 52; Part NW/4 Section 52; East of Bayou Grosse Tete T. 8 S. R. 11 E. Cut Over Land 128¾ acres 200"
Canova and Pendley petitioned for a monition by petition filed August 19, 1977. The property was described as follows in the petition:
"Part NW/4 Sec. 43, part NE/4 Sec. 52, part NW/4 Sec. 52, E of Bayou Grosse Tete, T-8-S, R-11-E."
Notice of the application for monition was published in the Greater Plaquemine POST on August 25, 1977, and September 29, 1977. On October 31, 1977, a judgment was signed confirming and homologating the sheriff's sale for delinquent taxes.
Defendants base their plea of prescription on the prescriptive or peremptive period of 5 years (if no notice of sale is given) which was provided for by Art. 10, Sec. 11 of the Louisiana Constitution of 1921. (See also Art. 7, Sec. 25, of the present Constitution.)
The prescriptive period provided in the Constitution does not cure a defect in a tax sale which is absolutely null and void. The following language from Gram Realty Co. v. Northern Homes, Inc., 308 So.2d 502 (La.App. 1st Cir. 1975) applies:
"The prescriptions of three and five years cannot cure a defect in a tax sale which is absolutely null and void. Being void, no peremptive or prescriptive period *488 can breathe life into something that never existed. As was said by the Court in Jackson v. Bernstein, 39 So.2d 120 (La. App. 2nd Cir. 1948):
`It was said, and logically so, in the Jackson and Brock cases, supra, and doubtless in others, that where a tax sale is null because the land described could not be identified, the Constitutional peremption has no application.'" (308 So.2d 502, 504, 505)
In the present case, the assessment and subsequent tax sale, we hold, are null and void because the names of all co-owners are not given, as is necessary, and the acreage is given as if it were total acreage, without its being indicated that the interest in the tract in question is an undivided interest.
The following guidelines are set forth for the assessment of property in Russell v. Lang, 50 La.Ann. 36, 23 So. 113 (1898):
"There are two ways of legally assessing real property held by two or more parties in indivision. One and the better way is to assess to each his undivided interest; the other, to assess the property as belonging jointly to the parties, giving the name of each individual owner, followed by the description of the property. Or, if a firm or business company, corporation, or association owns the property, it may be legally assessed in the name of such firm, company, corporation, or association. And in placing the names of taxpayers on the assessment rolls, while it is better to give the Christian or baptismal names, it suffices to use the initials, followed by the family or surname, thus, `J. R. Russell.' This designation of the name of the owner, followed by a correct description of the property, fulfills the requirements of the law. Douglas v. Dakin, 46 Cal. [49] 51. And if there be two joint owners, and the name of one only is used, followed by an accurate description of the property, this suffices to bind the interest of the one whose name is used, for his share of the taxes, but, of course, cannot bind the other individual owner whose name is not used, nor his interest in the property. The cases of Thibodaux v. Keller, 29 La.Ann. [508] 509, and Hayes v. Viator, 33 La.Ann. [1162] 1164, cited in opposition to this view, do not sustain the pretension."
(23 So. 113, 115, 116)
Here, no co-owner's name was listed but that of Lester F. Hezeau, and it was misspelled. The quotation from Russell v. Lang shows that even if the property description is correct, only the interest of the co-owner whose name is given is bound, and not the interest of the co-owner whose name is not given.[1] As only Lester F. Hezeau's name *489 was listed, only he, in his name only, can be bound by the sheriff's sale, provided the property description is correct. But, here, as we shall demonstrate, the property description is erroneous.
In Grieshaber v. Cannon, 346 So.2d 166 (La.1977), a tract of land was described as follows on the assessment rolls and in the tax deed:
"`13.53 Acres. Und. ½ Int. Lot 1 of SW ¼ of SW ¼, Sec. 33-10-3'" (346 So.2d 166, 168)
The Supreme Court of this State quoted Russell v. Lang, supra, approvingly, and stated that the description was proper, as the name of the undivided owner was set forth, and it was followed by a description of his interest. In the present case, the names of all undivided owners are not set forth, and the description is defective, because the description fails to indicate an undivided interest is involved. Defendants contend the use of the word "Part" indicated an undivided interest, but "Part" is generally used on assessment rolls and in other legal descriptions to indicate a parcel of the whole (a portion of the surface area of the tract), not an undivided interest in the whole. If we read the entire description of the Lozano tract in the present case, we see that it incorrectly indicates that a fragment of the three quarter sections is involved, rather than an undivided interest in the said three quarter sections. The description is clearly defective, and cannot be considered sufficient to put the Lozano descendants on notice that their property was being assessed and sold.
Defendants contend that the tax sale cannot be set aside on the basis of the following quotation from Sec. 2181 of Title 47 of the Revised Statute:
"No tax sale shall be set aside or annulled for any error in description or measurement of the property assessed in the name of the owner provided the property sold can be reasonably identified."
However, a simple reading of the statute will show that the quoted language does not apply. The property sold was not "assessed in the name of the owner" under the Russell v. Lang test and it could not "be reasonably identified." The description is defective, as we have seen, and constitutes no description at all.
Defendants' plea of res judicata is founded upon the decree in the monition proceeding purporting to homologate the sheriff's sale. However, the judgment flowing from the monition proceeding was a nullity, as we shall see.
A sheriff's sale may be confirmed by a monition decree under the authority of LSA-R.S. 13:4941 et seq. The procedural aspects of monition proceedings are extended to tax sales by LSA-R.S. 13:4951, which reads as follows:
"The provisions of R.S. 13:4950 shall be extended to tax sales; provided, that such tax sales are made and recorded at least three years previous to the application for monition. The effect of such proceedings and the judgment rendered therein shall be to confirm the tax sale *490 and to cure all nullities therein, in like manner, and with the same effect as if the proceedings had been had under, and in accordance with, R.S. 47:2228."[2]
A proceeding to confirm a tax sale under the provisions of LSA-R.S. 47:2228 culminates in a judgment "quieting and confirming the title". Thus, the present monition proceeding, if not a nullity, culminated in a judgment which definitively "quieted title". However, the proceeding was stricken with nullity, as no notice of assessment or of the tax debt was ever received by the Lozano descendants, if the allegations of plaintiffs' petition in the present suit are true, as we must assume for purposes of considering the exception of res judicata. See LSA-C. C.P. art. 931.
Notice of delinquency and of intention to sell is jurisdictional in nature, and a monition proceeding and judgment following a tax sale made without the giving of such notice before the tax sale had taken place is stricken with nullity. The following quotation from Cook v. Morgan, 142 So. 279 (La.App. 2nd Cir. 1932) is controlling:
"It has been frequently held that notice of delinquency and of intention to sell is jurisdictional in its nature, and might be assimilated to a citation in a suit to obtain judgment; and that a tax sale made without such notice, given as required by the organic law of the state, is so radically and fundamentally defective that it cannot be validated, cured or perfected by monition proceedings. Recker v. Dupuy, 161 La. 392, 108 So. 782; McCrory v. Bradford, 130 La. 212, 57 So. 892 and cases therein cited; In re Interstate Land Co., 118 La. 587, 43 So. 173; Jones v. Curran, 156 La. 1055, 101 So. 415; [Tensas Delta] Land Co. v. Sholars, 105 La. 357, 29 So. 908; Johnson v. Martinez, 48 La.Ann. 52, 18 So. 909; Thibodaux v. Keller, 29 La.Ann. 508; Fix v. Dierker, 30 La.Ann. 175; Kearns v. Collins, 40 La. Ann. 453, 4 So. 498; Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819." (142 So. 279, 281)
We, thus, see that the judgment that purports to homologate and confirm the tax sale in the monition proceeding is a nullity, and cannot constitute the basis of a plea of res judicata in the present suit.
The monition proceeding was also flawed because the full property description as set forth in the tax sale was not set forth in the monition, and because notice of the proceeding was not published at the interval set forth in the Revised Statutes. Whether these flaws in the proceeding are sufficient to set aside the judgment confirming and homologating the sale we need not decide, as the judgment is clearly a nullity because of failure to give notice of tax delinquency and intention to sell.
Accordingly, the judgment of the trial court sustaining defendants' plea of prescription and res judicata is set aside, the exceptions overruled, and the case remanded, all costs to be paid by defendants.
REVERSED AND REMANDED.
NOTES
[1] A conflicting line of jurisprudence indicates that an assessment which is defective because it is in the wrong name is cured by the 5 year prescriptive period set forth in the Constitution. That position was last expressed in Gulotta v. Cutshaw, 283 So.2d 482 (1973) in the following passage:

"(13) The property was sold for non-payment of taxes where the person to whom the property was assessed was not the owner. In Weber's Heirs v. Martinez, [125 La. 663, 51 So. 679 (1910)], supra, this court stated:
'It has been held that it is immaterial for the purposes of the question to be here determined whether an assessment has been made in the name of one person or another, or in no name, or whether the owner, not in possession, has been notified of the intention to sell or has not been notified, or whether the sale has been advertised or has not been advertised. Canter v. Williams, 107 La. 77, 31 So. 627; Crillen v. N. O. Terminal Co., 117 La. 349, 41 So. 645; Little River Lumber Company v. Thompson, 118 La. 284, 42 So. 938.'
However, as we state below in this opinion, Russell v. Lang, supra, was quoted in Grieshaber v. Cannon, infra, as the definitive jurisprudence on the assessment of property held in indivision and the naming of the co-owners. Grieshaber was decided in 1977 and, thus, is of more recent vintage than Gulotta, which, if taken without qualification, would militate in favor of holding that the assessment was not subject to attack after the Constitutional peremptive period had run for failure to name all co-owners. As Grieshaber is a more recent case, and restated approvingly a complete and definitive exposition of the rules on assessing owners in indivision, we follow Russell v. Lang and Grieshaber.
There is also jurisprudence which declares that a tax sale made under an assessment in which the description is so defective that resort must be had to evidence outside of the assessment roll or sale instrument in order to unmistakably identify the property may be protected by the constitutional peremptive period. This principle was followed in Jackson v. Irion, 196 La. 728, 200 So. 18 (1941) the court stating:
"The jurisprudence applicable to cases of this kind was concisely stated by this court, through the Chief Justice as its organ, in a very recent case, that of Tillery v. Fuller, 190 La. 586, 182 So. 683, 704, as follows: `A tax sale made under an assessment in which the description of the property intended to be assessed is so defective that resort must be had to evidence outside of the assessment roll in order to identify the property intended to be assessed is protected by the limitation of three years if the assessment was made in the name of the true owner, or owner of record, of the property intended to be assessed, and if the identity of the property intended to be assessed is established unmistakably by such outside evidence. Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498.'" (Emphasis added)
We note that in Jackson v. Irion the property was assessed in the name of the record owner.
In Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607 (1944) the property was not assessed in the name of the true or record owner and there was also a defect in the description. We do not find the description in Yuges to be nearly as defective as the description in this case, nor did the assessment deal with undivided interests.
[2] The section quoted apparently means to apply the provisions of LSA-R.S. 13:4941 et seq. to tax sales, not the provisions of 13:4950, as it states.