## No. 1134.

DAVID HAYES, ADMINISTRATOR, vs. T. VIATOR, SHERIFF, ET AL.

Lands held in indivision by several parties must be assessed as a whole in the names of all the joint owners and for the non-payment of taxes, must be seized and advertised for sale also as a whole, in proceedings directed against all the joint owners.

The injunction to prevent the tax sale in the case, is made perpetual on account of numerous other irregularities in the proceedings.

APPEAL from the Twenty-first Judicial District Court, parish of Iberia. *Fontelieu, J.*

---

*Jos. E. Breaux* and *P. L. Renoudet* for Plaintiff and Appellant:

First—The description of immovable property assessed for taxes should be correct. Person vs. O'Neal, 32 A. 234; Burroughs, p. 204; Blakewell, pp. 141, 142, 147 ;· Thibodeaux vs. Keller, 29 A. 509 ; Woolfolk vs. Fonbene, 15 A. 5; Sutton vs. Calhoun, 14 A. 210.

Second—The names of the owners of the land assessed should be correctly carried upon the assessment roll. Guidry vs. Broussard, 32 A. 924; Ib. 912; 29 A. 509.

Third—Property belonging to joint owners should be assessed against the joint owners. The partition of property should not be attempted by the assessor, a part of whose functions, consists in listing lands and in assessing them correctly, but not in partitioning them to the detriment of the interest of moctgage creditors. Blakewell, pp. 141-147.

Fourth—When property is divided some account shall be taken of the relative value of the different lots.

Fifth—When assessment of land is made against non-residents, the fact of non-residence should be mentioned on the rolls. Act of 1871, section 18, p. 111; Act of 1877. section 16, p. 139; Cooley, p. 277.

Sixth—Registry laws apply to tax liens. 31 A. 517; Constitution 1868, Art. 123; 25 A. 232.

Seventh—The delinquent list should be a copy of the assessment roll.

Eighth—The prescription of two, three and five years, is a bar to the recovery of taxes for 1877 and previous years when the land has not been forfeited to the State.

Ninth—Act No. 9, of 1878, sections 20 and 22, fix. amount which would be exigible for interest if the taxes were due.

*W. B. Merchant,* District Attorney, *contra.*

---

The opinion of the Court was delivered by

TODD, J. On the 23d of January, 1869, John Hayes, whose succession is plaintiff in this case, sold to David Hayes, Alexander M. Hayes and William Hayes, as described in the act of sale, "a certain plantation situated in the parish of Iberia, and containing two thousand and sixty acres, more or less, situated on both sides of the Bayou Petite Anse, in Township 13, South Range 5 East, and in Township 13, South Range 6 East," with the further description that it was the same plantation which had on a previous date been adjudicated to Pelagie Hayes at a succession sale. The price was $15,000 on a credit. On the 25th of March, 1875, a judgment was rendered against the vendees for the sum stated, with a recognition of the mortgage and vendor's privilege on the property, which had been retained as security for, the payment of the price. No partition of the land was made between the joint purchasers.

In January, 1881, an execution issued on this judgment, and the plantation was seized.

On the 5th of March following, the sheriff and tax collector advertised the property for sale for payment of delinquent taxes.

The plaintiff, alleging that the property was then under seizure to pay the judgment mentioned, enjoined the tax collector from selling the land on the following grounds, set forth in the petition, which we copy, to wit :

1. The lands, an assessment of which has been attempted, are not correctly located; the boundaries are varying and uncertain.

2. They are not assessed in the names of the owners.

3. A mortgage creditor is not bound by the illegal division of lands. If the property be divided, it must be divided in a legal manner. If

illegally divided for taxation, the forfeiture to the State is equally as illegal, and it (the State) cannot have the land sold as having become its property by forfeiture.

4. Assessment was made against William Hayes as a resident. He had always been a non-resident.

5. The delinquent lists are informal and absolutely illegal.

6. They have not been recorded in time to secure a privilege in favor of the State, priming plaintiff's mortgage, nor have the assessment rolls of 1877, and since, been recorded in time to secure a privilege against the pre-existing rights of the plaintiff.

7. The amount claimed is not indicated in the advertisement for all the years for which taxes are alleged to be due.

8. No forfeiture having been made to the State, the taxes are prescribed ; in any event, the taxes for 1877 are prescribed.

9. Interests and costs are not due at all, but, if due, those claimed are excessive.

The answer was a general denial.

The plaintiff is appellant from a judgment rejecting his demand and dissolving the injunction.

It is unnecessary to consider all the alleged nullities set up in the plaintiff's petition; we will notice those only that have mainly influenced us in the conclusion we have reached.

We have given the description of the land as found in the deed, in order to show the discrepancy between the true description of it and that given in the tax proceedings relating to the same property, which latter description we transcribe literally from the record, as follows : ·

"Hays David 800 b' d' N. Hollingsworth. S. Hayes W. Avery. Hayes M. 800 acres, b' d' N. Hollingsworth S. Hayes W. Avery."

And under the heading of non-residents :

" Hayes Wm. 800 acres b' d. N. Hollingsworth S. Mass."

This enigmatical, condensed and unique description is the one under which, it is alleged, the land is to be sold ; and it is the same, with some very slight and immaterial variations, in all the assessment proceedings since 1871.

When it is considered that the property assessed and to be sold under this vague description, consisted of a plantation or land, as described in the deed referred to; that there had never been a partition of it, and each of the taxpayers held no definite number of acres, but an undivided interest in the entire tract, the vitally defective character of this description becomes obvious to every one.

The officer had no power to divide the lands for the purpose of sale, yet he offers to sell 800 acres as belonging to each one of the alleged delinquents. Should he find a purchaser or purchasers, how would he

manage to put each of them in possession of 800 acres of land marked out and defined, in which no one else would have an interest but such purchaser? The assessment is the foundation of the proceedings relating to a tax sale. It is likened to a judgment which is the basis of a judicial sale. It would hardly be pretended that under a judgment against "A" the sheriff could seize and sell a certain number of acres of a tract of land which "A," the judgment debtor, owned in indivision with "B," and make delivery of the same to the purchaser. It has been decided that he could not seize or sell a definite part or the whole of the land under such conditions. 3 R. 257; 23 An. 681. And equally powerless would a tax collector be to sell under such an assessment as we have shown.

A proper assessment is essential to the validity of a tax sale. 14 An. 709; 15 An. 15; 30 An. 293.

It is not shown that Wm. Hayes or A. M. Hayes were even served with the notices prescribed by law, or made any return of property to the assessor for assessment.

Wm. Hayes lived in another parish, and is termed in the collector's proceedings a non-resident. The proceedings, however, were not so conducted against him, but there was a total disregard therein of the requisites of the law applicable to this class of taxpayers.

Wm. Hayes died long prior to the seizure and proposed sale by the tax collector, but notwithstanding his death, the proceedings were carried on and the sale advertised to take place as if he were living.

Notices appear to have been served alone on David Hayes, and he was treated as the agent of the others; but no authority to represent them is shown. The tax collector is not represented in this Court by counsel, and we are at a loss to know on what he relies to break the force of the attack made by plaintiff on these tax proceedings. It might be contended that David Hayes, having been notified and having consented to this illegal assessment, the sale should proceed as to the 800 acres assessed against him. There might be force in this proposition if he were the sole owner of these 800 acres, and no one interested in the proposed sale but himself; but as the entire land is undivided, the 800 acres offered for sale as his property are also undivided; and that number of acres or a greater or less number of the whole body could only be sold in indivision; and two-thirds of the sale would belong still to his joint proprietors, and no title could, therefore, pass to the purchaser to a single acre, as the distinct property of the delinquent taxpayer.

This makes it the more apparent that land held in indivision must be assessed according to the title, and only the undivided interests of the joint owners, and not any definite part or stipulated number of acres, can be legally assessed as the property of any one of them.

There are other irregularities that might be noticed, such for instance as the failure of the collector to swear to the correctness of the assessment rolls as required by law; the failure of the assessors to attest or approve the tax rolls, and to deposit or return them to the proper office within the time prescribed. These irregularities might be considered in detail; but we have sufficiently shown illegalities in the proceedings of so vital a character, as to clearly entitle the plaintiff to arrest the sale threatened to be made under them, to the prejudice of his mortgage rights and of his possession of the property under the writ issued to enforce his judgment.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the defendant, tax collector of the parish of Iberia, be and he is hereby perpetually enjoined from selling the property described in the mortgage and judgment set forth in the petition, or any part thereof, and the act of said officer in advertising and offering for sale said property be and the same are declared unauthorized, said defendant to pay the costs of both courts.