44 So.2d 189 (1950)
GOODWIN
v.
NEWSOME.
No. 7402.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1950.
*190 Floyd D. Culbertson, Jr., Minden, Charles B. Emery, Shreveport, for appellant.
Campbell & Campbell, Minden, for appellee.
HARDY, Judge.
This is a suit to annul a tax sale on certain described property located in Webster Parish, Louisiana. Plaintiff alleged himself to be the owner of the property in question, claimed by defendant to have been acquired on December 17, 1932, at tax sale for unpaid taxes for the years 1930 and 1931. After trial there was judgment in favor of defendant rejecting plaintiff's demands and decreeing defendant to be the true and lawful owner of the property described. From this judgment plaintiff has brought this appeal.
The principal ground upon which plaintiff bases his action is the alleged nullity of the tax sale by reason of want of notice to plaintiff as owner. Plaintiff further alleged that he had continuously possessed the property in question as owner up to the date of filing of this suit when he tendered the amount of taxes admittedly due defendant. The allegations of plaintiff's petition were denied in defendant's answer, who further pleaded the prescription of five years in bar of plaintiff's demand.
On trial of the case, by consent, plaintiff amended his petition by dictating into the record the following allegations:
"That the defendant, H. L. Newsom, concealed from plaintiff the fact that he had purchased the property at said tax sale, and stated to plaintiff that he paid plaintiff's taxes on said property for the years 1930 and '31.
"That during each of the subsequent years when the taxes on plaintiff's property became due, defendant, Newsom collected from the plaintiff the amount of said taxes and told plaintiff that he had paid each year's taxes.
"That it was not until the year 1936 that plaintiff learned of the tax sale, after the three year redemption period had passed.
"That defendant Newsom has constantly promised to reconvey this property to plaintiff since plaintiff's discovery of the tax sale in 1936 until just prior to the filing of this suit; plaintiff showing that he was not able to pay the amount of money demanded by Newsom until recently."
The amended allegations of plaintiff's petition were promptly denied by defendant, who also filed a plea of prescription of one and ten years.
Plaintiff and defendant are brothers-in-law, having married sisters. Prior to 1932 plaintiff was the record owner of the property here involved, which was encumbered by a mortgage in favor of defendant. Plaintiff failed to pay taxes on the property during the years 1930 and 1931 and the property was bought in by defendant at the sale for delinquent taxes on December 17, 1932. So far as the record shows plaintiff has neither paid not made any effort to pay taxes on the property since said date. This suit was instituted on February 2, 1948.
In consideration of plaintiff's claim that the tax sale was null and void and conveyed no title to defendant purchaser by reason of the fact that no notice of the proposed sale was ever served on petitioner as required by law, we observe that the record contains a registered mail return receipt which is identified as having accompanied the registered mail notice of delinquent taxes directed to plaintiff. The receipt above the line designated "Signature or Name of Addressee" bears the name "E. S. Goodwin" written in pencil, and on the line provided for "Signature of Addressee's Agent" there is the penciled name "Mrs. E. M. Burton". The receipt bearing the above name and signature was properly returned to the Tax Collector for Webster Parish showing delivery of the registered *191 article of mail on "10/20/1932". The Mrs. Burton, whose signature appears on the receipt, is deceased and, for this reason, her testimony does not appear in the record. However, the fact is that Mrs. Burton lived near plaintiff's home, and it is claimed that she acted in the capacity of an unofficial postmaster for a number of her neighbors since the mail route ended at her house. True, plaintiff testified he did not receive the notice, but this has no bearing on the matter. The facts above recited bring this point squarely within the holding of this Court in Goodwill v. Smith, et al., La.App., 29 So.2d 188, to the effect that actual receipt of the notice by the tax debtor was unnecessary to the validity of the sale in view of the fact that the tax collector was shown to have directed proper written notice of the tax deliquency by registered mail addressed to the tax debtor. In support of this principle the Court cited Carey v. Green, 177 La. 32, 147 So. 491.
Plaintiff's counsel relies upon Hodges v. Kranz, 10 La.App. 227, 120 So. 677. The facts of the cited case are entirely inappropriate to the one here at issue since the question involved the validity of a notice addressed jointly to two tax debtors. In the case before us there is only one tax debtor and the evidence is conclusive as to the proper direction of the required notice.
We next proceed to a consideration of plaintiff's contention that he possessed the property as owner after the passing of the redemptive period of three years. Having found that plaintiff's only attack upon the validity of the tax sale, based upon alleged failure to receive notice, has failed, we do not percieve that the question of possession has any bearing upon this matter. This question could only arise and could only be interposed for plaintiff's benefit in the event we had found the existence of some formal defect with respect to the tax sale. In such event, of course, it follows that plaintiff's plea of continuous possession would have served to deprive defendant of the benefits of the peremptive or prescriptive periods provided by the Constitution, § 11 of Article 10, in the validation of his title.
Under the established facts in this case where there has been no irregularity or informality in connection with the tax sale, and where the requirements of law have been followed, certainly the purchaser at tax sale has been vested with an indefeasible title and the tax debtor has been legally divested of title. The question of continued possession on the part of the tax debtor, therefore, does not enter into consideration.
However, we observe, in passing, that plaintiff's claims of possession as owner have been utterly and completely destroyed by the effect of evidence submitted on behalf of defendant in the nature of instruments of waiver of rent claims. These waivers were signed by the defendant in aid of plaintiff's applications for loans to the Farm Credit Administration, which loans were proposed to be secured by crop liens. These applications were made in the years 1940, 1941, 1943 and 1945.
The next ground urged by plaintiff in support of his right to recover is the claim of nullity of the tax deed by reason of fraud practiced by defendant. In support plaintiff complains that defendant promised to pay the taxes for the years 1930 and 1931 and instead bought the property at tax sale, of which fact plaintiff remained in ignorance. Conceding, which we do not find to be a fact, that plaintiff was in ignorance of defendant's purchase of the property at tax sale in 1932, it is conclusively established that he was fully acquainted with the fact of the sale not later than 1936. Inasmuch as defendant has interposed specific pleas of prescription of one and ten years, under the provisions of Articles 3536 and 3544 of the Civil Code, which pleas are clearly valid, plaintiff's claim on this ground must be unavailing.
However, it is additionally urged on behalf of plaintiff, despite his discovery in 1936 of the facts surrounding the tax sale to defendant, that a continuing fraud was practiced by defendant, who lulled plaintiff into a sense of security by promises to straighten out the title as and when plaintiff raised the tax money. In other words, plaintiff urges not only the original fraud *192 of concealing the circumstances of the tax sale, but a continuing fraud consisting of promises made by the defendant. We think it unnecessary to enter into any extended discussion of this point since we are firmly of the opinion that plaintiff has failed to establish the facts upon which he bases this contention.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost, and it is accordingly ordered, adjudged and decreed that the demands of plaintiff, E. S. Goodwin, be, and the same are hereby rejected, and further, that there is judgment decreeing the defendant, H. L. Newsome, to be the true and lawful owner of the following described property, to-wit:
NW¼ of NW¼ and the West 15 acres of E½ of SW¼ of NW¼ of Section 16, Township 18 North, Range 8 West, Webster Parish, Louisiana, and estimated to be 55 acres more or less, together with all improvements thereon and rights thereto belonging.