YARRUT, Judge.
This suit was instituted by Plaintiffs, owners of the immovable property located at 1238-40 Dryades Street in New Orleans (more particularly described in the petition), to cancel and annul a tax sale to Defendant by the City of New Orleans for unpaid ad valorem taxes due the City for 1958. At the time of the tax sale the property was owned in the proportion of 80% by Sarpy and 20% by Tornabene.
The basis for the annulment is the failure by the City to give Plaintiffs notice of the intended tax sale as provided by LSA-R.S. 47:2180, which provides, inter alia:
“ * * * The tax collector shall send to each taxpayer by registered or certified mail with return receipt requested the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by registered or certified mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service of the notices herein required, either by mail or by personal or domiciliary service * * * ” (Emphasis supplied.)
The district court rendered judgment in favor of Sarpy on the ground he had not been given the statutory notice, but dismissed Tornabene’s suit on the proof that he had been given the statutory notice.
No appeal was taken by Defendant from the judgment in favor of Sarpy, hence the judgment of annulment with respect to him is final and not before this court.
The sole issue here is whether Tornabene was given the notice required by law. The district judge has so clearly stated the issues of fact and law in his written “Reasons for Judgment,” that we have adopted them as our own, viz:
“The City of New Orleans did mail a proper notice to Mr. Tornabene by registered mail. However, he denies receiving such notice. From the evidence adduced at both trials, the Court finds the following facts: A tax notice, mailed by registered mail, was delivered at 801 Poydras Street — the tax debtor’s place of business since 1955. That address appeared on his City tax bills since 1956. S. L. Barnes receipted for the registered notice of delinquency addressed to Torn-abene on two occasions — May 12, 1959 and March 13, 1961. S. L. Barnes was not an agent or employee of Tornabene, but was a very frequent visitor and customer in his place of business and was more than a casual acquaintance of Mary Tornabene, sister of the tax debtor. Mary Tornabene ran the business for the tax debtor, was always there, and received mail addressed to her brother. Petitioner Tornabene was out of town most of the time, and permitted his siser to run the business. The City was not informed when he moved from his old home; he received a great deal of his mail at his business address.
“It is not questioned that under the provisions of LSA-R.S. 47:2180, the City could properly serve its notice by registered mail. However, petitioner contends that the tax debtor must receive that *77 notice and the presumption of proper notice must yield to the denial of notice by the tax debtor. In support of that position, petitioner cites Robertson v. Polmer [La.App.], 112 So.2d 735; Gibbs v. Roos [La.App.], 178 So. 674; Riddell v. Ringe, 11 Orleans App. 157; and several other decisions. It seems to be petitioner’s position that his mere denial of receipt of notice is sufficient to invalidate the tax sale. With this position, we cannot agree. We are of the opinion that all the facts in each particular case must be examined in order to determine whether notice was properly served on the tax debtor. We are of the further opinion that the bare denial of receipt of notice by the tax debtor in interest may be overcome by other evidence. Reed v. Stinson [La.App.], 188 So. 509; Goodwin v. Newsome [La.App.], 44 So.2d 189; Avery v. Mayo [161 La. 699], 109 So. 393; Baum v. Smith, et al [127 La. 1089], 54 So. 399.
■“In the instant case, the bare denial of the tax debtor has been overcome by the other evidence. The City of New Orleans properly forwarded the notice to the only address available to it, and the notice was received at petitioner’s place of business. It must be assumed that the person receipting for the notice did not destroy it or throw it away, but handed it to petitioner’s sister, who was petitioner’s agent. If the petitioner did not receive the notice, it was not the fault of the taxing authority, but rather the fault of the taxpayer. He was out of town for long periods of time, he paid little attention to his business or tax bills, he did not furnish the City with the address of his domicile. We cannot protect a disinterested and negligent tax debtor against the proper, reasonable and legal actions of the taxing authority. The evidence in the instant case does not substantiate, but rather contradicts the bare denial of the petitioner.”
The “S. L. Barnes” who receipted for the notice was a lady whose full name is Sarah Louise Barnes, employed by the Telephone Company across the street from Tornabene’s establishment.
Accordingly, the judgment of the district court is affirmed; Tornabene to pay all taxable costs in both courts.
Judgment affirmed.