UNITED STATES of America

v.

Willie BLAIR, Sheriff and Ex-Officio Tax Collector, Parish of Washington, State of Louisiana, and Commercial Guaranty & Brokerage Corporation.

Civ. A. No. 70-1609.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 4, 1971.

Gerald J. Gallinghouse, U. S. Atty., Leonard Avery, Asst. U. S. Atty., New Orleans, La., for the United States.

James W. Richardson, Richardson & Lilly, Bogalusa, La., for defendants.

HEEBE, District Judge:

The United States of America on behalf of the Small Business Administration brings this action for a declaratory judgment that a tax sale held by the defendant, Sheriff of Washington Parish, at which certain property was purchased by defendant, Commercial Guaranty & Brokerage Corporation, be declared null and void and for an order setting the tax sale aside.

La.Rev.Stat. 47:2180 requires that the delinquent taxpayer be notified of the impending sale of his property for failure to pay taxes. In this case, both sides stipulated that the sheriff's office sent out a notice by registered mail to the delinquent taxpayer, Angie Wood

Preserving Company, Inc., addressed as follows:

Angie Wood Preserving Co., Inc.
c/o E. W. Kennedy
Angie, La.

Mr. Kennedy is one of the registered agents of the corporation.

The notice was delivered to the corporation where Mr. Jesse Seal, the Manager "in complete charge" of the corporation, signed for the notice as agent for the corporation. He signed the corporation's name, Mr. Kennedy's name and his own name. The United States now seeks to set aside the ensuing tax sale on the ground that notice was improperly given. The United States claims that only Mr. Kennedy or Mr. Welton Seal, the corporation's other registered agent, could have accepted the notice for the corporation.

La.Rev.Stat. 47:2180 requires that

" * * * the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.

"The tax collector shall send to each taxpayer by registered mail the notice prescribed herein * * *."

■■ Statutory notice has uniformly been recognized as a prerequisite to the validity of any tax sale. Windes v. Yerger, 234 So.2d 224 (La.App.1970). This notice must be sent to the owner of record at the time of the tax sale. Martin v. Serice, 200 La. 556, 8 So.2d 538 (1942). However, if the notice is properly sent to the owner of record, there is no absolute requirement that the owner or any other specific person receive it. Tornabene v. Zor, Inc., 188 So.2d 75 (La.App.1966); Goodwin v. Newsome, 44 So.

2d 189 (La.App.1950); Goodwill v. Smith, 29 So.2d 188 (La.App.1947). Sufficient compliance with the formalities of the statute is necessary to give the tax debtor notice so that he may have an opportunity to pay his taxes and obviate the sale. Where the statutory formalities have not been complied with, even actual notice may be insufficient. Doll v. Montgomery, 58 So.2d 573 (La. App.1952).

In Goodwill v. Smith, supra, the court upheld the sufficiency of a notice addressed to the owner, First National Bank, Minden, Louisiana, and received by the bank's agent, Melvin Bell, against the contention that it had not been shown that Bell had authority to receive the notice. In Goodwin v. Newsome, supra, the court held sufficient notice sent the tax debtor, Goodwin, but received by a neighbor, Mrs. Burton, who signed the return receipt for Goodwin. The court approved the holding in Goodwill v. Smith, supra, stating that "actual receipt of the notice by the tax debtor was unnecessary to the validity of the sale in view of the fact that the tax collector was shown to have directed proper written notice of the tax delinquency by registered mail addressed to the tax debtor." 44 So.2d at 191.

■ The rule that we discern from these cases which have upheld the sufficiency of certain notices while holding other notices invalid is that while the tax collector must satisfy the formal statutory requirements of notice, those requirements are not absolute and the collector will be held to have complied if he sends notice to the owner of record at an address where he can reasonably be expected to receive the notice so that he has the opportunity to obviate the tax sale by paying his back taxes. Here, the owner of record of the property to be sold was Angie Corporation. Notice was sent to their offices where it was received by their manager. There is no allegation that the corporation's opportunity to pay the back taxes was in any way prejudiced by the receipt of the notice by Mr. Seal, and we fail to see how

the corporation would have been better protected had one of their registered agents received the notice. Accordingly,

It is the order of the Court that the petition of the United States for a declaratory judgment in this matter be, and the same is hereby, denied;

It is further ordered that judgment be, and the same is hereby, entered in favor of Commercial Guaranty & Brokerage Corporation and against the United States of America;

It is further ordered that the preliminary default entered against Willie Blair, Sheriff and Ex-officio Tax Collector, Parish of Washington, State of Louisiana, on December 18, 1970, be, and the same is hereby, annulled, vacated and set aside;

It is further ordered that judgment be, and the same is hereby, entered in favor of Willie Blair and against the United States;

It is further ordered that judgment be, and the same is hereby, entered requiring the United States of America to pay all costs of these proceedings.