SARTAIN, Judge.
Plaintiff, as a conventional mortgagee, instituted this suit seeking the cancellation of a tax sale. She now appeals from the judgment of the trial court which sustained defendants’[1] peremptory exception of no right of action. We reverse.
All of the pertinent facts surrounding this controversy are free from dispute. In general, plaintiff is the holder of a certain promissory mortgage note affecting an undivided one-half interest in and to a 27.06 acre tract of land located in the Parish of Ascension, Louisiana, which we will hereinafter more particularly describe.
The pertinent facts are: On October 18, 1956, Harvey J. Kling purchased an undivided one-half interest in the subject property from Annie Smith Grant. On March 16, 1965, Kling placed a mortgage on his interest in the property in the amount of $4,000.00, which was represented by a note in like amount payable on demand to “Any Holder or Holders.” Plaintiff is the holder of this note. On May 26,1966, the property was sold for the non-payment of 1965 taxes to Richard Cannon, defendants’ ancestor in title. The tax deed was placed of record on June 1, 1966.
The trial court based its decision on its interpretation of R.S. 47:2183 and our holding in Whitfield v. Jones, La.App., 270 So.2d 153 (1973), writs refused, La., 272 So.2d 376 (1973). R.S. 47:2183 provides, in pertinent part, that if property sold for taxes is not redeemed by the tax debtor within three years of recordation of the tax deed, the deed itself “shall operate as a cancellation of all conventional and judicial mortgages;”. In Whitfield, we held that a mortgage securing a vendor’s lien and privilege was not cancelled by the effect of R.S. 47:2183. Accordingly, the trial judge reasoned that inasmuch as the instant mortgage was a conventional one plaintiff had lost any right as a mortgagee to contest the validity of or to set aside the tax deed in question by the lapse of three years. For reasons which we will more fully discuss hereinafter, we conclude that the court a quo committed error in law.
Two principal questions are posed for resolution, namely: (1) Whether plaintiff has a right of action (standing to sue) to annul the tax deed which affects her security after the expiration of the three year period provided for in R.S. 47:2183; and if so, (2) whether the tax deed itself is so fatally defective as to require that it be stricken as a nullity and cancelled from the public records.
RIGHT OF ACTION
At the outset, it should be noted that a tax debtor has three years from the date of the recordation of the tax deed in which to redeem his property that has been sold for unpaid taxes. Art. X, Sec. 11, La.Const. of 1921. In addition, a tax debtor has two more years in which he can attack a tax sale based on certain irregularities in the assessment and/or the tax sale itself. After the lapse of five years from the date of recordation Art. X, Sec. 11, of the Louisi *447 ana Constitution of 1921 comes into play. This constitutional provision provides a five year pre-emptive period which terminates any claim against a tax deed for basic irregularities. However, it has been held that a right of action survives this five year preemptive period to set aside a tax sale upon a showing of prior payment of taxes, continued physical possession by the tax debt- or, and no assessment. Gulotta v. Cutshaw, La., 283 So.2d 482 (1973).
In the instant case we are not concerned with the pre-emptive period provided for in the constitution. The present action was filed after the expiration of the three year redemptive period but within five years from the date of recordation of the tax deed (June 1, 1966) and the institution of this suit (April 16, 1971).
We are of the opinion and hold that plaintiff, as a conventional mortgagee, succeeded to whatever rights her mortgagor (Kling) may have had with respect to the tax deed at the time this litigation was instituted. The rights of a tax debtor have been referred to generally hereinabove. It is apparent that Kling had a right to contest the irregularity of the tax deed whereby his property was sold to the defendants’ ancestor in title. Moreover, the instant controversy charges not just a mere irregularity but the nullity of the deed itself.
Pretermitting the merits of this charge for the purpose of discussing plaintiff’s right to bring this action, it appears to us that if a tax debtor has a right to challenge the validity of the tax deed which dispossessed him of his property and stands the chance of regaining his property, the property once regained should be burdened with the conventional mortgage that the tax debtor himself placed on the property. Otherwise, the anomalous situation would exist whereby a tax debtor could, after three years from the date of recordation of the tax deed itself, bring an action to set aside a tax sale and regain his property free and clear of any encumbrances. This cannot be the effect of R.S. 47:2183.
The three year period for the automatic cancellation of conventional and judicial mortgages provided for in R.S. 47:2183 corresponds to the three year redemptive period provided for in Art. X, Sec. 11, La.Const. of 1921. The statute has for its obvious purpose the cancellation of such mortgages as a convenient means to clear title to property sold for taxes and relieve a tax-vendee of such burdens. However, the strict wording of R.S. 47:2183 for the cancellation of conventional and judicial mortgages after the lapse of three years from the date of recordation of the tax deed must of necessity mean the recordation of a valid and efficacious tax deed. It seems only reasonable that so long as a tax debtor has any right to question the tax deed itself that debtor’s mortgagee should be accorded the same right. See Standard Homes, Inc. v. Prestridge, 193 So.2d 100 (2nd La.App., 1960).
VALIDITY OP THE TAX DEED
We now turn to the issue relative to the tax deed itself. Plaintiff contends that the tax sale is a nullity because the assessment which went unpaid did not sufficiently describe and/or identify the property. It is well established that a tax sale of property that is not susceptible of identification cannot be enforced. Ewald v. Hodges, 239 La. 883, 120 So.2d 465 (1960). Further, it has been held that the assessment of property which is incapable of identification is tantamount to no assessment at all. Gulotta v. Cutshaw, supra. With these principals in mind, we turn to the assessment itself.
The tract in question has been consistently described as follows:
A certain parcel of real estate in the Parish of Ascension, Louisiana, known and described as Lot One (1) or the Southwest Vi of the Southwest Vi of Section 33, Township 10 South, Range 3 East, of St. Helena Meridian, S.E.D., East of River in Louisiana, containing 27.06 acres, less one-half acre belonging to Floyd School, together with all buildings *448 and improvements thereon, (acquisition data omitted)
Kling acquired an undivided one-half interest in and to the 27.06 acres as described above. However, the property was described on the assessment rolls and in the tax deed as follows:
“13.53 Acres. Und. V2 Int. Lot 1 of SW V2 of SW Vi, Sec. 33-10-3”
Plaintiff contends that Kling was assessed for and defendants’ ancestor in title purchased not an undivided one-half interest in and to 27.06 acres but 13.53 acres and that by virtue of such assessment and the description set forth in the tax deed the property was incapable of being identified as there never existed a 13.53 acre tract of land. We find merit in plaintiff’s contention.
Exactly the same issue was presented in the case of Gottlieb v. Babin, 197 La. 802, 2 So.2d 218 (1941). There plaintiffs owned undivided one-half interests in four tracts of land totaling 995.38 acres. Plaintiffs were assessed for 497.69 acres, or one-half of the amount of the total acreage involved. The court, citing Hayes v. Viator, Sheriff, 33 La.Ann. 1162 (1881), stated: 2 So.2d 218, 221
The language used in this particular case fits the present case unequivocally. Lewis Gottlieb and Mrs. Rosalie G. Moyse did not own any specific acreage. They owned an undivided interest in certain designated tracts, yet they are assessed with a specific number of acres. The assessor had no authority whatever to divide up the tracts or to assign any given number of acres to them. He could not put a purchaser at tax sale in possession of any given portion of the property. The assessment, which is the basis of the eventual sale, was radically defective in assigning a given number of acres and, therefore, under the irrefutable reasoning in the Hayes case, the assessment was not a legal basis for the subsequent sale to the defendants, the Babins.
In Hayes v. Viator, Sheriff, supra, the court struck down a tax sale where three owners in indivision were each assessed for 800 acres of a 2400 acre tract. In doing so the court stated:
“When it is considered that the property assessed and to be sold under this vague description, consisted of a plantation or land, as described in the deed referred to; that there had never been a partition of it, and each of the taxpayers held no definite number of acres, but an undivided interest in the entire tract, the vitally defective character of this description becomes obvious to every one.”
Ironically, the tax sales in the instant case and in Gottlieb v. Babin, supra, involved land situated in Ascension Parish and identical assessment descriptions, i. e., a division of the property in a ratio comparable to the owners’ undivided interests. It is apparent that the assessment in the instant cause fails to properly identify the property. The tax deed itself must fall because defendant’s ancestor in title could not and did not acquire a 13.53 acre tract.[2]
Accordingly, for these reasons, the judgment of the district court dismissing plaintiff’s suit is reversed and judgment is rendered herein in favor of the plaintiff and against defendants decreeing that the tax sale made to John R. Cannon on May 25, 1966, by the Sheriff and Ex-Officio Tax Collector for the Parish of Ascension, and recorded on June 1, 1966, in Conveyance Book 192, Folio 828, be and the same is hereby annulled and ordered cancelled from the records in the office of the Clerk and *449 Recorder for the Parish of Ascension, said annulment to be effective upon payment to the defendants of the amount found to be due them under the provisions of law for the redemption of property,-or in the event of refusal of defendants to accept said amount, upon the depositing of such amounts due and owned by plaintiff to defendants in the Registry of the Twenty-third Judicial District Court for the Parish of Ascension.
Defendants are cast for all such costs as are incidental to this litigation.
REVERSED AND RENDERED.

. When service of process was attempted on John R. Cannon, the original named defendant, it was discovered that he was deceased. Thereafter, his heirs, Elsie Cannon Bruce and George Richard Cannon, were named party defendants by supplemental and amending petition.

. To further illustrate the confusion surrounding the assessment description, it is noted that the judgment of possession in Probate # 5544 on the docket of the 23rd Judicial District Court, Parish of Livingston, Louisiana, which placed the heirs (defendants herein) in possession of the property, the tract was described as follows:
An undivided one-half (‘/¡) interest in and to LOT ONE (1) containing 13.53 acres, located in the SW ‘A of the SW ‘A of Section 33, Township 10 South, Range 3 East. (In litigation — Suit # 17,303, Margaret Grieshaber vs. John R. Cannon) (Emphasis ours)
This description certainly cannot be said to represent an undivided one-half interest in a 27.06 acre tract of land.