COVINGTON, Judge.
This is an appeal from the judgment of the trial court in favor of the plaintiff, Securities Mortgage Company, Inc., against the defendants, Andrew Triplett and Ida Mae Triplett, in the amount of $2,752.45, with interest, costs and attorney’s fees, and dismissing the defendants’ reconventional demands and third party demands. The judgment also decreed that “as of the date of this judgment and as long as Andrew Triplett or his agents or representatives are *482 in physical possession of the premises described as Lot 21, Square 8, Suburb South Baton Rouge, East Baton Rouge Parish, located at 1912 Colorado Street, Baton Rouge, Louisiana, the three-year redemptive period applicable to redemption of property sold by tax deed shall not commence to run;” and further decreed that “the intervenor (Wyema P. Lee) has good, though unconfirmed, title to the property based on her tax deed. The mortgage on said property in favor of Securities Mortgage is hereby recognized.”
The essential facts are: On September 23, 1965, Andrew Triplett purchased Lot 21 of Square 8, Suburb South Baton Rouge Subdivision, in East Baton Rouge Parish, Louisiana, located at 1912 Colorado Street in the City of Baton Rouge, as the Triplett family home. In connection with the purchase, Andrew Triplett and his wife, Ida Mae Triplett, executed a demand promissory note in the sum of $6,700.00, secured by a collateral mortgage on said property, which mortgage is held by Securities Mortgage Company, Inc., the plaintiff herein. On May 10, 1971, Ida Mae Triplett left the family home for personal reasons. Since that date, the Tripletts have been divorced, and Mrs. Triplett has not returned to the home. Andrew Triplett continued to reside at the family home until the end of 1973. At that time, the Tripletts’ son, Gerald, took up residence at the family home and was residing there at the time of the trial. Prior to 1971, all property taxes were paid by the Tripletts. However, the 1971 property taxes, $14.63, were not paid and became delinquent on January 1, 1972. On March 30, 1972, a notice of delinquency was mailed by certified mail to Andrew Triplett by the tax collector for East Baton Rouge Parish. The tax notice was returned to the collector marked “undelivered;” and there is no evidence that Mr. Triplett actually received the delinquency notice. On May 24, 1972, the subject property was sold at a tax sale to Wyema P. Lee, the intervenor herein, with the deed being executed on June 9, 1972 and recorded in the public records of East Baton Rouge Parish on June 12, 1972. The tax purchaser filed a petition for monition on August 31, 1976. Pursuant to the monition proceeding, the tax purchaser obtained a judgment homolo-gating and confirming her title to the subject property on October 19, 1976.
Subsequently, on May 25, 1977, Securities Mortgage Company, Inc. filed suit on the promissory note seeking judgment for the balance due of $2,752.45, and praying for recognition of its special mortgage on the subject property. Andrew Triplett answered the plaintiff’s suit and reconvened for damages; he also filed a third party demand against the tax purchaser, urging the nullity of the tax sale due to lack of notice of delinquency. Ida Mae Triplett answered the plaintiff’s suit, reconvened and filed a third party demand against Wyema P. Lee on the same grounds as Mr. Triplett. Mrs. Triplett also third partied Mr. Triplett asserting his negligence in causing her loss of her interest in the subject property. On August 9, 1977, Wyema P. Lee intervened to have the collateral mortgage cancelled by effect of the tax sale and to have her title to the subject property recognized as good.
On January 21,1978, trial on the suit was held. The case was then taken under advisement; and, the trial judge rendered judgment, with written reasons, on April 18,1978. Thereafter, the trial judge signed the judgment appealed.
A review of the record, the briefs of counsel, and of the jurisprudence convinces us that the trial judge correctly decided the facts and correctly applied the applicable law herein, and we adopt and incorporate herein, as our own, his “Written Reasons for Judgment” affecting:
Lot 21, Square 8, Suburb South Baton Rouge, East Baton Rouge Parish, located at 1912 Colorado Street, Baton Rouge, Louisiana.
We therefore, affirm at appellant’s costs.
AFFIRMED.
WRITTEN REASONS FOR JUDGMENT
The issue in this case is the validity of a tax sale and a monition proceeding to confirm the title acquired in said sale.
*483 The facts are as follows: Andrew J. and Ida Mae Triplett were married on March 15, 1950. On September 23, 1965, Andrew Triplett purchased Lot 21, Square 8, Suburb South Baton Rouge subdivision, in East Baton Rouge Parish, located at 1912 Colorado Street in the City of Baton Rouge. In connection with the purchase, Andrew Triplett, Ida Mae Triplett, John Triplett, and Annette Baines Triplett executed a promissory note in the amount of $6,700.00, secured by a mortgage on said property. Said mortgage is held by Securities Mortgage Company, plaintiff and mortgagee herein. On May 10, 1971, Ida Mae Triplett left the family home on 1912 Colorado Street for personal reasons. Since that date, she and Andrew Triplett have been divorced and she has not returned to the home. Andrew Triplett lived there until some time near the end of 1973. His son, Gerald Triplett, presently resides at that address. Prior to 1971, all property taxes and mortgage note payments were apparently paid by the Tripletts. However, property taxes for 1971 were not paid. The taxes due, $14.63, became delinquent as of January 1,1972. The tax collector for East Baton Rouge Parish mailed a notice of delinquency to Andrew J. Triplett at 1912 Colorado Drive by certified mail on March 3,1972. On May 24,1972, the subject property was sold by the Sheriff of East Baton Rouge Parish at a tax sale to Wyema P. Lee, intervenor herein. The deed from this sale was recorded on June 12, 1972.
On August 31, 1976, Wyema P. Lee filed a petition for monition. Pursuant to that proceeding, her title to the Colorado Street property was confirmed and homologated by judgment dated October 19, 1976.
The original action herein was filed by plaintiff against defendants for $2,752.45, allegedly the balance remaining and past due on the note.
Andrew J. Triplett answered the plaintiff’s suit and reconvened. He asserted three defenses and sought damages.
The first defense is equitable estoppel, on the grounds that there had been an agreement for the plaintiff to pay the taxes due on the property and that plaintiff’s failure to pay the taxes for 1971 had resulted in the loss of the property.
The second defense is grounded in defendants’ allegation that the original transaction between plaintiff and defendants was usurious as the interest charged exceeded the maximum allowed by law. He seeks the statutory damages.
His third defense is that he and his wife had overpaid the amount due on the loan from the plaintiff.
Andrew Triplett also filed a third party demand against Wyema P. Lee, urging the nullity of the tax sale due to lack of notice of delinquency.
Ida Mae Triplett answered plaintiff’s suit and reconvened and filed a third party demand against Wyema P. Lee on the same grounds as Andrew J. Triplett. She also filed a third party demand against him, alleging her one-half interest ownership in the property and loss of said interest through the tax sale was due to the negligence of Triplett in not paying the taxes when due or otherwise not acting as a prudent administrator to prevent the sale of the property.
Wyema P. Lee answered the demands against her and filed a petition of intervention asserting alternatively that her title to the property acquired at the tax sale and confirmed through the monition proceeding is good. If her position is correct, the plaintiff’s mortgage was cancelled and the defendants are precluded from attacking the sale due to lack of notice. If her title is not good, she seeks to be reimbursed for the taxes she paid on the property since 1972, and for expenses she incurred in maintaining the property. In connection with the intervention, Andrew J. Triplett has further argued that if Wyema P. Lee is entitled to be reimbursed for her expenses, her claim is set off by rent payments made by him and his son on the property from December, 1976, through June, 1977.
The dispositive issue in the case is the validity of the tax sale of May 24,1972, and the monition proceeding of August 31,1976.
*484 In this connection, most of the evidence developed at trial and the arguments of counsel have dealt with the issue of whether or not Andrew J. Triplett and/or Ida Mae Triplett received the legally required notice of the tax delinquency and subsequent sale. However, the evidence also indicates that Andrew J. Triplett lived on the property at least until near the end of 1973, and that his son lived there without paying rent to anyone until December of 1976. This latter evidence is crucial.
PLAINTIFF’S MORTGAGE AND ACTION ON THE NOTE
The pertinent statutory scheme governing tax sales, tax titles and procedures to quiet tax titles is contained in R.S. 47:2183, R.S. 47:2228, and in Article 10, Section 11 of the Constitution of 1921 as substantively continued in Article 7, Section 25 of the Constitution of 1974.
The constitutional provisions provide that a tax debtor has three years from the date of recordation of the tax deed in which to redeem his property which has been sold for unpaid taxes. In addition, a tax debtor has two more years in which he can attack a tax sale based on certain irregularities in the assessment and/or the tax sale itself. The five-year period is a peremptive one. After its lapse, any claim against a tax deed for basic irregularities is barred. Grieshaber v. Cannon, 339 So.2d 445 (La.App. 1st Cir. 1976).
R.S. 47:2183 provides for the execution of tax deeds which shall contain a statement that the property is redeemable for three years after recordation of the deed and that if the property is not redeemed, the recorded deed itself will operate as a cancellation of all conventional mortgages on the property.
R.S. 47:2228 provides for bringing of monition proceedings to confirm and quiet tax titles after the lapse of the three-year redemption period and the five-year peremp-tive period.
As a general proposition, the indication from the jurisprudence is that these three- and five-year periods do not run as long as the tax debtor remains in possession of his property.
Specifically, in Cook v. Morgan, 142 So. 279 (La.App. 2d Cir. 1932), it was held that,
“If the tax debtor continues in the actual possession of the property sold at tax sale, the possession is a continuous assertion of his title and protest against the sale; the peremption does not accrue and the title cannot be perfected.”
The court in that case found a judgment of monition rendered three years after recor-dation of the tax deed to be null because the debtor had remained in possession of the property during the three years.
In Grieshaber v. Cannon, supra, it was held that the prescriptive period of five years from the date of recordation of a tax deed which cuts off a tax on the deed because of basic irregularities does not run when the tax debtor has been in continual, physical possession of the property. Therefore, the court said that a mortgagee of the debtor could attack the tax deed even after the five-year period, since the debtor himself could attack the deed.
Other cases which stand for the same proposition are Gulotta v. Gutshaw, 283 So.2d 482 (La.1973); and Laventhal v. Lake Investment Corporation, 252 So.2d 521 (La. App. 4th Cir. 1971).
The Laventhal case also contains the statement that,
“The possession required to prevent the loss of property by virtue of the peremption must be open, actual, physical, and of such character as to be a continuous protest against the tax sale; it must also be of such character as to form the basis of the prescription of ten years.”
The court further said,
“It is essential to examine the type and nature of the property in order to determine what type of possession is necessary to constitute open, real and actual possession thereof.”
Kuhn v. Sandefur, 28 So.2d 515 (La.App. 2d Cir. 1946) indicates that possession may be by the tax debtor or his agents.
*485 The precise question posed here has apparently never been ruled on. It is whether or not possession by the tax debtor of his property that has been sold for unpaid taxes will suspend the running of the three-year period after recordation of the tax deed so as to prevent the deed itself from operating as a cancellation of all conventional mortgages on the property. If the answer to this question is yes, the plaintiffs mortgage is still in effect. If the answer is no the plaintiff’s mortgage has been can-celled by the lapse of three years, since recordation of the tax deed.
The threshold issue is whether or not the debtor in this case was in sufficient possession of the property to suspend the running of the three-year period. It is clear that he was. The property is residential. The debtor, Andrew J. Triplett, lived there from the date of the sale in 1972, until at least the end of 1973, after which time his son lived there without paying rent until December of 1976. The possession was actual and physical by the debtor or his agents, the son being treated as his agent and was continual during the three-year period.
The next question is whether or not this possession prevented cancellation of the plaintiffs mortgage against the property. The monition is null and the intervenor’s title has not been confirmed as it was brought before the lapse of the three-year redemption period which had been suspended by the debtor’s continued possession of his property. The thrust of the above-cited jurisprudence is that the three- and five-year periods are not meant to confirm tax titles when the debtor remains in possession. Cancellation of mortgages is merely one facet of confirmation of the title. As noted in Grieshaber v. Cannon, supra,
“The statute has for its obvious purpose the cancellation of such mortgages as a convenient means to clear title to property sold for taxes and relieve a tax vendee of such burdens.”
Since title has not been confirmed, the plaintiffs mortgage has not been cancelled.
In addition to having its mortgage recognized, the plaintiff seeks to recover the balance due on the note executed by defendants, plus interest, plus $29.82 in taxes on the property paid December 21, 1976. The evidence indicates that defendants defaulted on the note payments. The note became due and payable at 8% interest. The plaintiff is entitled to recovery as prayed for.
INTERVENOR’S TITLE AND/OR REQUEST FOR EXPENSES
The defendants have attacked the title of Wyema P. Lee based on her purchase of the property at the tax sale on the grounds that no notice of delinquency was given to them.
The evidence developed at trial through the testimony of Andrew J. Triplett and Mr. Kie Wells, a postman, and exhibits, indicated that Andrew J. Triplett was living at the Colorado Street address in 1972; that Wells attempted delivery of the certified mail which contained the notice of tax delinquency; that he left the proper form directing Triplett to pick up said mail at the post office; and that the notice was never picked up and was returned to the sender with the notation, “unclaimed.”
Carey v. Green, 177 La. 32, 147 So. 491 (1933) controls. It stands for the rule that a notice of tax delinquency sent to the proper post office address of the tax debtor is sufficient notice for tax sale purposes, even though the notice is returned simply because the debtor does not call for it, as there is no requirement that the debtor or any other person actually receive the notice. The rule is repeated in Louisiana jurisprudence as summarized in United States v. Blair, 331 F.Supp. 1277 (D.C.).
As in Carey v. Green, supra, the notice in this case was properly addressed and mailed. The only reason it was not actually received was the failure of the defendant to pick it up. Under these facts and the jurisprudence, the notice was good.
Defendant Ida Mae Triplett has individually attacked the notice because it was neither mailed to nor received by her. *486 However, the jurisprudence is clear that notice must be sent to the record owner and when sent, is sufficient. United States v. Blair, supra, Martin v. Serice, 200 La. 556, 8 So.2d 538 (1942). Andrew J. Triplett was the record owner of the property at the time of the advertisement and sale. Ida Mae Triplett was not.
Based on the court’s finding that notice was sufficient for the tax sale, the interve-nor/purchaser has good, though unconfirmed title to the property based on her tax deed.
On the alternative demand for expenses, because the intervenor has good title to the property, she has no right to be reimbursed for her expenses at this time.
DEFENDANTS’ DEFENSE OF EQUITABLE ESTOPPEL
The defendants have argued that plaintiff should be estopped from enforcing its claim on the grounds that there was an agreement for the plaintiff to pay the taxes on the property; that plaintiff charged the defendants for taxes and insurance premiums the plaintiff paid; and that failure of the plaintiff to pay the 1971 taxes resulted in the loss of the property and subsequent damage to the defendants.
The collateral mortgage indicates that the agreement between the parties was that the mortgagee could pay the taxes in order to prevent the property from being sold. The plaintiff attempted to do so in 1971, when some error was apparently made which prevented receipt of the plaintiff’s check by the tax collector. The plaintiff actually paid the taxes in 1976. There was no agreement that the plaintiff had to pay the taxes. The only agreement was that if the defendants did not pay them, the plaintiff could. The same is true for the insurance premiums paid by the plaintiff.
This defense is without merit.
DEFENDANTS’ CLAIM IN USURY
Defendants argued that the interest charged by the plaintiff on the note exceeds the maximum legal rate of 8%. Total interest charged was $2,991.85. The law places no limits on discounted interest at the time a loan is made. The 8% limitation is placed on interest charged after maturity. The interest in question here was capitalized and was therefore not usurious. C.C.P. Art. 2924 [C.C. art. 2924],
The defendants also claim that the $2,672.39 additional interest which the plaintiff has charged on the note since it matured on default of the February, 1966, payment is excessive. The terms of the note are clear. On default of any payment, the entire note matures. The holder then has the right to charge an additional 8% interest on the balance.
It is clear that the law places no limit on the amount of capitalized interest which a lender may charge as long as the note bears no more than 8% interest after maturity. It is also clear that a note may be accelerated when a single payment becomes past due and that the lender may keep the capitalized interest and charge 8% interest per annum on the balance from maturity. International Harvester Credit Corporation v. McGill, 297 So.2d 272 (La. App. 3rd Cir. 1974).
None of the interest charged by the plaintiff is usurious.
IDA MAE TRIPLETT’S CLAIM AGAINST ANDREW J. TRIPLETT
Ida Mae Triplett third-partied Andrew J. Triplett on the grounds that if her one-half interest in the property was lost, it was done through the neglect of Andrew J. Triplett in failing to pay the taxes when due.
Since the intervenor’s title has not yet been confirmed, Ida Mae Triplett has not yet irrevocably lost her interest in the property. Her claim is therefore without merit.
Judgment will be signed in accordance with the above reasons.
BATON ROUGE, LOUISIANA, this 18th day of April, 1978.
(s) Melvin A. Shortess JUDGE